AMOS WETHERBEE V. PHILIP KUSTERER AND ADOLPH LEITELT.

*Guaranty of costs—Compound interest—Tender in court.*

A guaranty of payment indorsed upon a note, in promising the payment of "all costs and expenses paid or incurred in collecting the same" applies only to definite legal costs, and not to uncertain allowances for the creditor's trouble in dunning the maker of the note.

Compound interest is waived, where, without insisting on its payment, simple interest is accepted.

Suit by declaration is not begun nor have taxable costs accrued until the declaration is filed.

The right to the production in court of a money tender is presumed to have been waived if it was not called for; and in a case made, where only so much of the record is given as the parties see fit, its non-production will not be presumed for the purpose of establishing error in the proceedings.

When tender is regular and is completed by payment into court a verdict for the amount of it is not proper.

Case made from Kent. Submitted June 20. Decided July 2.

ASSUMPSIT. Defendants had judgment below.

*Joslin & Kenfield* for plaintiff. Tender will not save costs unless it is kept good and the money paid into court subject to the order of the creditor, *Browning v. Crouse,* 40 Mich., 339; *Becker v. Boon,* 61 N. Y., 317.

*E. S. Eggleston* for defendants. Objection to the mode of tender if not made in the trial court, where it may be made by demurrer (*Ayers v. Pease,* 12 Wend., 393) is considered waived, *Sheriden v. Smith,* 2 Hill, 538; *Shepherd v. Wysong,* 3 W. Va., 46; *Earle v. Earle,* 1 Har. (N. J.), 273; *Hague v. Powers,* 39 Barb., 427; 1 Burrill Pr., 407; objections to the form or substance of a notice attached to the plea are waived by proceeding to trial

of the questions presented by it, *Rosenbury v. Angell*, 6 Mich., 508.

GRAVES, J.    This is a case made after judgment. The action was commenced by declaration and was tried without a jury, and the court on special findings ordered judgment for the defendants.

July 18, 1877, Christopher Kusterer made his promissory note to the plaintiff for $3,000 payable in three years with interest at ten per cent. payable semi-annually, and at the same time the defendants executed an undertaking on the back of said note in these terms: "For value received I promise the payment of the within note at maturity, or at any time thereafter, with interest at ten per cent. per annum, payable semi-annually until paid, and agree to pay all costs and expenses paid or incurred in collecting the same."

The payment of interest due in January, 1878, was delayed until the first of February, and some fifty-four cents of interest arose thereon during that interval. Moveover the plaintiff's agent made several ineffectual calls for the money, and this labor as the court finds was worth two dollars.  On the eighteenth of July, 1878, there was similar service to collect the half year's interest for that time, which the finding values at fifty cents.

The action was brought to recover the installment of interest due in July, 1878, and the three small items for dunning and unpaid compound interest.    We think there is no foundation for these charges for services. The clause in the contract relative to costs and expenses does not apply to the trouble incident to ordinary dunning.    It was not intended to make the debtors liable for an amount not regulated by any certain standard. The design must have been to provide for such charges as the law has liquidated and defined.   Such charges being definite, the debtors could prepare to meet them and avoid the hazards and perplexities of uncertain obligations.    It is not reasonable to suppose the parties

meant to involve the contract in such uncertainty as would flow from the contrary construction. The item of fifty-four cents was undoubtedly waived.

When the simple interest was paid in February, 1878, this little sum for compound interest was it seems presented for payment. But no attention was paid to it, and the transaction would seem to have been closed by the payment and acceptance of the simple interest alone. It could not have been intended that this amount of a few cents should remain as a disputed claim and be the subject of legal controversy at some future time more or less remote.

Against so much of the cause of action as related to the installment of interest due in July, the defendants set up a tender before suit. The sum of $150 was offered and refused. At the time this occurred it is claimed that the plaintiff's attorneys had drawn a declaration to be filed, and it was insisted that there were costs to be paid for commencing suit, and this was given as a reason for refusing the tender.

The finding is silent as to whether the declaration had in fact been drawn or even commenced at the time the money was offered, but this is not now important. Assuming that it had been fully prepared and was ready to be filed, and the result is the same. The suit had not been commenced (Comp. L., § 5723; *Brown v. Ferguson,* 2 Denio, 196) and no fees or costs taxable against defendants had accrued.

The plaintiff now objects against this defense of tender that the money was not brought into court. This was a tenable objection in the court below. The plaintiff was entitled to have the money produced in court, but it was within his power to waive it. It was not such an inseparable incident of the proceeding that the tender could not have effect without it, and the record contains no intimation that payment into court was insisted on or even desired. The controversy seems to

have related to the sufficiency of the tender and not at all to later proceedings.

The notice filed with the plea stated that the money had been deposited in the First National Bank of the City of Grand Rapids subject to the order of the plaintiff and that of his attorneys, and there is nothing to show that this was not satisfactory. If it was not, it was for the plaintiff to manifest his objection in some mode in the court below. If a tender was pleaded at common law and the facts set up were not sufficient, the objection could be brought on the record by demurrer. Under our practice where there is a mere notice of defense under the general issue a different course is required. Still the record should show that a question was made. But there is a further difficulty. This review is made upon a case settled, and not on the record returned under a writ of error. Hence we have before us only such portions and so much of the record as the parties have thought expedient to embody in the case, and we are not informed of the contents of the record remaining in the circuit court. The fact of payment into court, if such was the case, was not a matter to be found by the judge, and the finding is silent on the subject. But it is a fact which would regularly appear of record, and we have no means of knowing that it does not. The case as settled makes no disclosure about it; and it is not shown, therefore, that the money was not paid into court, and it would not be regular to assume it was omitted as a circumstance to help make out that error was committed.

As error is to be shown affirmatively, it ought to be intended that the money was so disposed of as to comply with the law of tender in the absence of record proof to the contrary. So regarded, the tender operated under the finding, which decides in effect that nothing more was due, as a complete bar, and required a determination in favor of defendants.

When the tender is regular and is supplemented by payment into court, the money is relinquished to the plaintiff, and it would be irregular to award a verdict therefor likewise, and thereby in form double the allowance to the extent of the tender. The court was consequently correct in refusing to give judgment for the plaintiff on the finding for the sum tendered.

The judgment is affirmed, with costs to the defendants.

The other Justices concurred.