## HENRY TUTTLE *vs.* SAMUEL H. ARMSTEAD.

The plaintiff, as conservator, borrowed $600 of *T.*, to use for the benefit of the ward, and mortgaged the real estate of the ward to *T.* as security. The ward afterwards died, and his heirs sold the land to the defendant for $1,000, of which he paid $400 in cash, and agreed to pay the remaining $600 by paying the debt of that amount to *T.* The defendant paid the interest on the debt to *T.* annually for five years, when it was discovered that the mortgage was invalid, and he refused to make further payment on the debt, and the plaintiff, as maker of the mortgage note, was compelled to pay it. The heirs, grantors of the defendant, then assigned to the plaintiff their claim on the defendant for the $600 of the purchase money not paid. Held that the heirs had a valid claim on the defendant for this sum, and that the plaintiff, as their assignee, could recover it.

More than six years had elapsed, after the agreement of the defendant to pay the mortgage note, before the bringing of the suit. Held that his payment of interest on the note prevented the running of the statute of limitations against the claim.

The plaintiff had also a good cause of action in his own right. Upon the facts stated the debt to *T.* had become the defendant's debt. When, therefore, the plaintiff, as maker of the note, was compelled to pay it, he was in law paying money for the defendant's benefit at his request.

A promise to pay a mortgage is a promise to pay the mortgage debt.

A parol promise to pay the debt of a third person, to bring it within the statute of frauds, must be a promise to pay the promisor's own money. A promise to pay such a debt with the promisee's money in his hands is not within the statute.

[Argued June 4th—decided June 26th, 1885.]

ACTION by the plaintiff as assignee of Solon B. Perkins and others, grantors of the defendant, for the non-performance by the latter of a promise to pay a mortgage debt supposed to be a charge on the land conveyed; brought to the Court of Common Pleas, and tried to the court before *Torrance, J.* The defendant in his answer set up, among other things, the statute of limitations. The following facts were found by the court.

On the 30th of April, 1877, Solon B. Perkins, Ellen A. Wilcox and Watson T. Perkins, being all of the children and heirs at law of Lewis Perkins deceased, sold and conveyed to the defendant by a warranty deed certain land

Tuttle *v.* Armstead.

which came to the grantors by descent from said Lewis. The agreed price of the land was one thousand dollars.

There was at the time a supposed mortgage upon the land for the sum of six hundred dollars. This mortgage had been given by the plaintiff, who was then conservator of said Lewis, as security for money borrowed by the conservator, to be expended in his support, and which was all so expended by him. At the time the grantors in the deed to the defendant, and the defendant himself, believed the mortgage to be valid, and it was agreed that the purchase price of one thousand dollars should be paid as follows, to wit: four hundred dollars in cash, and six hundred dollars by the assumption and payment of the mortgage. The defendant immediately entered into possession of the premises, and has occupied them exclusively as owner ever since.

From the 30th day of April, 1877, down to the 21st day of July, 1882, the defendant paid the interest on the note described in the mortgage deed, and to secure which the mortgage was given, and no demand up to the last date had been made on him to pay the principal or any part of it.

The mortgage was afterwards, in 1883, in a proceeding brought for that purpose, decreed by the Court of Common Pleas for New Haven County to be of no effect, which decree is still in force, and cannot now be appealed from.

The defendant has never paid the mortgage debt nor any part of it, nor any part of the six hundred dollars, part of the purchase money, and has paid only four hundred dollars of the agreed purchase price for the land.

On the 12th of November, 1883, Solon B. Perkins, Ellen A. Wilcox and Watson T. Perkins, grantors of the defendant, made a valid assignment to the plaintiff of their claim against the defendant for the six hundred dollars.

At divers times between the 30th day of April, 1877, and July 21st, 1882, and within six years of the time of bringing this suit, the defendant has acknowledged to divers persons that he owed the sum of six hundred dollars on the land, and once in the presence of the plaintiff, about one year before the bringing of this suit, he stated that he owed the six hundred dollars.

Tuttle *v.* Armstead.

The said grantors never made any demand upon the defendant prior to the assignment of their claim, to pay the six hundred dollars or any part of it. Immediately after the assignment the plaintiff demanded the six hundred dollars of the defendant, and he refused to pay it.

Since the time of the purchase of the premises in April, 1877, the defendant has had no communication, oral or written, with the grantors respecting the balance of the purchase money, nor had he within six years prior to the time of bringing this suit acknowledged the indebtedness or promised to pay the same, otherwise than as here stated.

Upon the trial of the cause the plaintiff offered to prove that at the time the defendant bargained for the premises, he orally promised to assume and pay the mortgage of six hundred dollars, as part of the agreed purchase price. To this the defendant objected, on the ground that it was inadmissible under the statute of frauds, but the court admitted the testimony, the defendant excepting. The plaintiff also offered evidence to show that, when he was appointed conservator of Lewis Perkins, he found it necessary to borrow six hundred dollars for the care and support of his ward, and gave therefor the note and mortgage mentioned, and expended the money for the benefit of his ward, and offered in evidence a copy of part of his conservator's account to show, in connection with his testimony, how the money had been expended. He also testified that the note had been paid by him and he had never been reimbursed.

All of this evidence was objected to by the defendant, but the court admitted it, subject to the objection, and did not subsequently rule upon it one way or the other.

The defendant claimed:—1. That the statute of limitations was a bar to the plaintiff's recovery. 2. That the evidence objected to was inadmissible. 3. That a parol promise by the defendant to pay the supposed mortgage could not be enforced. 4. That upon the facts as they appeared upon the record the plaintiff was not entitled to recover. But the court overruled these claims and rendered judgment for the plaintiff in the sum of six hundred

and sixty-six dollars.    The defendant appealed to this court.

*J. W. Alling* and *J. H. Webb*, for the appellant.

*W. C. Case* and *C. R. Whedon*, for the appellee.

PARK, C. J.  In the month of January, 1875, the plaintiff, as conservator of one Lewis Perkins, borrowed of one Lucius Tuttle the sum of six hundred dollars, to be expended in the support and maintenance of his ward, and the money was so expended.  The plaintiff executed to Tuttle a mortgage of the real estate of the ward to secure the note given for the loan.  Subsequently Perkins, the ward, died, and his heirs sold the real estate so mortgaged to the defendant for the sum of one thousand dollars.  The defendant expressly assumed and agreed to pay the mortgage debt, and four hundred dollars of the purchase money was all that he paid to the grantors.  The defendant paid Tuttle the interest on the mortgage note regularly, as it became due, from the month of April, 1877, down to the month of July, 1882, when it was discovered that the mortgage was invalid, and furnished no security for the note.  Thereupon the defendant refused to pay the note, or pay any longer the interest on it, and wholly refused to carry out his agreement with the grantors in respect to it.  Subsequently the plaintiff paid the note, as he was under the necessity of doing as the maker of it, and took from the grantors an assignment of all their rights against the defendant under the contract of sale.  When the contract was made both parties believed that the mortgage was valid, and acted upon that belief in making the agreement.

These are the principal facts of the case, and enough to sustain the judgment of the court below in favor of the plaintiff.

The heirs of Perkins were the owners of the property sold to the defendant.  They sold the property to him for the sum of one thousand dollars.  They gave him a deed

under this contract of sale, and the defendant went into possession.

But the controversy in the case grows out of the manner in which it was agreed that payment should be made. The grantors virtually said to the defendant,—pay six hundred dollars of the purchase money to Lucius Tuttle, who loaned that sum for the benefit of our father, and the payment shall be payment to us of that amount. The defendant promised to do so, but has never performed his promise farther than to pay the interest on that amount to Tuttle from 1877, when the agreement was made, down to the month of July in the year 1882, when the defendant refused to pay any further sums to Tuttle under the agreement, on the ground that the mortgage was invalid and the agreement void by the statute of frauds; it being an agreement, it is said, to pay the debt of a third person in which the grantors had no interest.

But how does this claim benefit the defendant? Suppose he was not bound to pay Tuttle; what then? The amount he paid him was virtually paid on his debt to the grantors. He owed Tuttle nothing independently of his agreement to pay him six hundred dollars of the debt he was owing them. Hence the sums he paid Tuttle he, in effect, paid the grantors, and the sums he left unpaid to Tuttle he left unpaid to them, and their claim against him to that amount remained due. He owed six hundred dollars, and was bound to pay it, either directly to the grantors, or indirectly to them by paying the amount to Tuttle. Payment to either would cancel his indebtedness to the grantors.

But the defendant claims that between the statute of frauds and the statute of limitations he can escape payment. He insists that the statute of frauds protects him against payment to Tuttle, and the statute of limitations against payment to the grantors, and equally against payment to the plaintiff, as having no greater rights than they had when they assigned their claim to him. Let us examine this claim.

The defendant paid interest on the six hundred dollars to Tuttle, under the agreement, down to the month of July, 1882. This suit was brought in the month of November, 1883. But he claims that he paid the interest under the belief that there was a valid mortgage on the property conveyed to him in favor of Tuttle, and to prevent a foreclosure of the property. But there is no finding to sustain this claim. All the finding on the subject is as follows:—"At the time of the bargain for the sale of the land the grantors in the deed and the defendant believed the mortgage to be valid, and thereupon it was agreed that the purchase price of one thousand dollars should be paid as follows, to wit: four hundred dollars in cash to the grantors in the deed, and six hundred dollars by the assumption and payment of the mortgage." The finding then goes on to state that the deed was delivered to the defendant; that he went into possession of the property conveyed thereby; that he paid four hundred dollars to the grantors according to the agreement; and that from this time down to the month of July, 1882, he regularly paid the interest on the six hundred dollar mortgage note to Tuttle. What room is there here for the claim that the defendant paid the interest on his own private account to prevent a foreclosure of the land which he purchased? The plain import of the finding is, that the defendant paid the interest on the six hundred dollars of the purchase money which he agreed to pay to Tuttle, and paid it because he assumed that obligation in the contract of sale. The defendant's indebtedness was to the grantors in the deed, as we have seen. He could pay the amount by paying it to Tuttle under the agreement. The case is like this. *A* owes *B* six hundred dollars. *B* says to *A*, pay the amount to *C*. *A* may be under no legal obligation to pay *C*, although he may agree to do it. But if he pays three hundred dollars to *C*, *A* thereby cancels his indebtedness to *B* to that amount; but he still owes *B* the remaining three hundred dollars. So here, as fast as the defendant paid Tuttle under the contract of sale, either principal or interest on the mortgage

note, he thereby canceled his indebtedness to the grantors *pro tanto.*

It follows then that the interest paid by the defendant to Tuttle was virtually paid on the defendant's indebtedness to the grantors, and this prevented the running of the statute of limitations on their claim against the defendant.

And it is very clear that the parol promise of the defendant to pay the mortgage debt to Tuttle was not void under the statute of frauds, as being a parol promise to pay the debt of a third person. The six hundred dollars with which the debt was to be paid was the property of the grantors, and a promise to pay their money to any person to whom they wished it paid would not be within the statute of frauds. That statute applies to promises to pay the promisor's own money, not the money of another in his hands.

The defendant further claims that the contract of sale was, in effect, a contract of purchase of the equity of redemption; that the equity was considered to be worth the sum of four hundred dollars; that he paid that sum to the grantors, and thus fulfilled his obligation to them.

This claim is unsupported by the finding, which upon this point is as follows:—"The agreed price of the land was one thousand dollars. * * * The agreed price was to be paid as follows, to wit: four hundred dollars in cash to the grantors and six hundred dollars by the assumption and payment of said mortgage." A mortgage is a mere security of some debt or obligation assumed by another. Standing alone it is of no value. The debt or obligation undertaken is the principal thing; and when the finding says that "the defendant assumed and agreed to pay the mortgage," the import of the language is that he assumed and agreed to pay the mortgage debt. Although the mortgage in this case proved to be void, and no incumbrance upon the property, still the mortgage debt, which the defendant assumed and agreed to pay, remained and was valid.

We have then this finding, which says that six hundred

dollars of the agreed price of the land was to be paid by the defendant's assumption and payment of the mortgage debt. Paid to whom? Payment implies the existence of a debt, of a party to whom it is owed, and of a satisfaction of the debt to that party. This finding, fully expressed in words, would read as follows:—Six hundred dollars of the agreed price of the land was to be paid the grantors by the defendant's assumption and payment of the mortgage debt. Would the grantors be paid the six hundred dollars without the defendant's assumption and payment of the mortgage debt? The answer is unnecessary.

The plaintiff's right to recover on the grounds we have stated must rest upon the assignment to him of the claim of the heirs, grantors of the defendant, to whom he promised to pay the mortgage debt.

But there is another clear ground on which the plaintiff would be entitled to recover in his own right, if the complaint had been properly framed for such a recovery, and which it may be worth while to state. The defendant, being allowed in his payment for the land conveyed to him the six hundred dollars due to the mortgagee, came under an implied obligation to pay him the six hundred dollars and save the estate of Perkins, the ward, from paying it, the estate being clearly liable to the conservator for it. Beyond this, he expressly agreed to pay it. It became therefore his debt. When afterwards the plaintiff was compelled as maker of the mortgage note to pay it, he was paying money for the defendant's benefit, and in law at his request, and of course could recover it in an action for money paid. This would have been the simplest ground to place the case upon, but that adopted by the counsel for the plaintiff is sufficient.

There is no error in the judgment.

In this opinion the other judges concurred; except STODDARD, J., who dissented.