PITTSBURGH, C., C. & ST. L. RY. CO. et al. v. KEOKUK & H. BRIDGE CO.

(Circuit Court of Appeals, Seventh Circuit. June 7, 1901.)

No. 729.

GUARANTY—CONSTRUCTION OF CONTRACT.

A provision of a contract of guaranty, by which certain railroad companies agreed to make up to a stated sum any deficiency in the net revenues of a bridge company "after payment for repairs, maintenance, and all the expenses connected therewith. including reasonable cost for operating the bridge and approaches thereto," cannot be construed to cover the expenses of litigation between the parties over the contract itself, which are not taxable as costs.

On Petition for Rehearing.

For former opinion, see 107 Fed. 781.

Before WOODS, JENKINS, and GROSSCUP, Circuit Judges.

WOODS, Circuit Judge. A rehearing is asked for the purpose of obtaining a modification of the opinion handed down in so far as it was held that the second amendment of the contract did not affect the obligation of the railroad companies under the original contract and first amendment "to make good to the bridge company one-fourth of the deficiency of net income from 'railroad freight traffic' for every period of six months, if the amount fell below $40,000." It is made very clear that that construction of the second amendment is not in accord with the understanding and uniform practice of the parties, and it is now conceded by counsel for the appellants that "the amount which the railroad companies have to make up in any one period of six months is to be ascertained by deducting from the amount of interest for that period the net revenues from all sources, instead of merely the net freight earnings as originally provided." The court's mistake in respect to the position of counsel resulted from the fact that the case was allowed to be submitted on the briefs, without argument at the bar of the court. Counsel differ about the construction of the contract and amendments in other respects, which we do not find it necessary to consider. We agree with counsel for the appellants that the expenses of the litigation over the contract of guaranty are not included in the phrase "all the expenses connected therewith," as used in the second amendment. The entire expression is, "The net revenues from all sources of the said bridge company since the day of its being opened for traffic, after payment for

repairs, maintenance, and all the expenses connected therewith, including reasonable costs for operating the bridge and approaches thereto." A liberal and fair construction of this would doubtless include attorney's fees and other reasonable expenses (though not taxable as costs) of litigation growing out of or connected with the maintenance or operation of the bridge or the business of the bridge company, but it cannot reasonably be construed to include the expenses incurred in the suits against the appellants to compel performance of the guaranty by which the railroad companies bound themselves severally to make good deficiencies in the net revenues of the bridge company. If that construction were adopted, it would make any one of the four companies which entered into the guaranty responsible, though itself blameless, for one-fourth of such expenses incurred in enforcing performance of the guaranty by any of the companies in default. The force of the contract has not changed because three of the four companies have gone out of existence, and one guarantor only remains bound. This leads to the conclusion first announced, and makes a rehearing unnecessary. The petition is therefore denied, at the cost of the appellants.