WILLIAM J. SMITH AND LARKIN J. EDWARDS, LATELY PARTNERS AS W. J. SMITH & COMPANY, APPELLANTS, V. JORDAN W. HOPE AND GRACE M. HOPE, HIS WIFE, APPELLEES.

1. To a bill for specific performance of a contract framed upon the theory that a written instrument is a bill of sale, a plea to the effect that said instrument is a mortgage is properly sustained.

2. The rule excluding parol testimony does not apply to the introduction of evidence that an instrument on its face a bill of sale is in fact a mortgage.

3. Permitting leading questions is not reviewable.

This case was decided by Division A.

Appeal from the Circuit Court for Hernando County.

The facts in the case are stated in the opinion of the Court.

*J. C. Davant,* for Appellants.

*G. C. Martin,* for Appellees.

COCKRELL, J. A statement of the bill and the instrument sued on, on will be found in the opinion rendered at the former hearing of this case, 47 Fla. 295, 35 South. Rep. 865.

The writer concurred with the majority of the court qualified to sit, in holding that the instrument sued on,

36 S. C.

upon its face and read in the light of the allegations of the bill, was not a mortgage, but that further facts were necessary to constitute it such, which facts must be set up by plea or answer, and we held the Circuit Court in error for ruling otherwise. Other grounds of the demurrer were reserved, as not being argued and as not having been properly considered below. After the cause was remanded the demurrer was not again presented for consideration, nor was there an amendment of the bill either in allegation or prayer, but a plea was interposed by Grace M. Hope setting forth that the late J. W. Hope, her husband, was indebted during his life time to W. J. Smith & Company, in the sum of two hundred dollars and that to secure this indebtedness she signed the instrument sued upon, which was intended to be and is in fact a mortgage. This plea was set down for argument, was sustained, and issue being joined and testimony taken, the instrument was held to be a mortgage and the bill dismissed.

The final decree in the case being found correct there is no occasion to pass upon the demurrer nor to consider whether it is properly before us for consideration. The complainants persist in planting their relief in direct opposition to the mortgage theory, the court was not called upon to make out a case for them.

The plea may not be a model for those seeking precedents for a form, but it sufficiently sets forth the main defense that is fatal to the bill as framed, that is the indebtedness and the intent of the parties in giving an instrument as security therefor, and the evidence, while contradictory in part, on the whole sustains the plea.

The rule excluding parol evidence to contradict a written instrument does not apply, nor can we review the discretion of the court in permitting leading questions;

nor were any of the questions and answers so irrelevant as to call for reversal. It would serve no purpose to enter into detailed discussion of the numerous assignments upon the admission of testimony; the above general rules cover them all.

The decree is affirmed.

SHACKLEFORD, C. J., and WHITFIELD, J., concur.

TAYLOR and PARKHILL, JJ., concur in the opinion.

HOCKER, J., disqualified.