GIDEON L. HOLBROOK *vs.* LENA I. HOLBROOK.

Plymouth.    January 5, 1943. — January 28, 1943.

Present: FIELD, C.J., DONAHUE, DOLAN, & COX, JJ.

*Marriage and Divorce*, Vacation of decree. *Probate Court*, Vacation of decree, Appeal, Findings by judge.

Notwithstanding noncompliance with Rule 40 of the Probate Courts (1934), providing for the filing of objections to a decree nisi of divorce becoming absolute, such a decree might be vacated upon petition by the libellee within six months after its entry if the libellee through mistake had failed to appear and contest the libel and had a good defence thereto.

In the absence of a report of evidence or of material facts found at the hearing of a petition by a libellee, filed within six months after the entry of a decree nisi of divorce and averring that through accident, mistake and misunderstanding she had failed to appear and contest the libel and that she had a good defence thereto, no error appeared in the entry of a decree vacating the decree nisi, reopening the case and giving the libellee an opportunity to be heard.

LIBEL for divorce, filed in the Probate Court for the county of Plymouth on August 5, 1941.

A decree nisi and the decree described in the opinion were entered after hearings by *Stone*, J.

*A. P. Richards*, for the libellant.

*J. J. Geogan*, for the libellee.

DOLAN, J.   This is an appeal from a decree vacating a decree nisi of divorce entered in the Probate Court.

The libel alleged desertion on the part of the libellee, who was served on August 15, 1941, with the order of notice issued thereon.   A decree nisi of divorce was entered on the libel on November 10, 1941.   On April 24, 1942, the libellee filed a petition in the Probate Court reciting, in substance, that through accident, mistake and misunderstanding she failed to appear and contest the libel, that she had not had the advice of counsel until just before filing the petition, that she thought that she would be informed of the date of the trial, and that she had a "perfect" defence to the libel;

and alleging cruel and abusive treatment on the part of the libellant, that he has failed to contribute to her support, and that he had abandoned her "almost five years ago." The prayers of the petition were that the case be reopened and that the libellee be given an opportunity to be heard before the decree should become "final." After hearing, the judge entered a decree that the decree nisi be vacated, that the case be reopened, and that the libellee be given an opportunity to be heard. The libellant appealed.

The libellant contends that in order to prevail the libellee was bound to comply with Rule 40 of the Probate Courts (1934), which provides for the filing of objections to a decree nisi of divorce becoming absolute, and verifications of the facts relied upon therein by affidavit. (See Rule 84 of the Superior Court [1932].) It is settled, however, that "Independently of the rule, a decree for divorce may be revoked or denied if against public policy or for any reason adequate in law." *Eldridge* v. *Eldridge,* 278 Mass. 309, 313.

The contention of the libellant, that the libellee is not entitled to be relieved from the consequences of what the libellant characterizes as her deliberate act, or carelessness or indifference in failing to file an appearance as directed in the order of notice, cannot avail him. The evidence is not reported, and the judge made no report of material facts. Accordingly, "Nothing is open upon such an appeal but the power of the court to make the decree upon any evidence that might have been adduced under the petition." *Hale* v. *Blanchard,* 242 Mass. 262, 264. It cannot be said properly that the decree could not have been entered upon the pleadings, and the entry of the decree imports a finding of every fact essential to its entry. *Commissioner of Insurance* v. *Commonwealth Mutual Liability Ins. Co.* 297 Mass. 219, 220, and cases cited.

*Decree affirmed.*