HARRY V. SOKOL & another *vs.* JENNIE NATHANSON & others.

Suffolk.     November 10, 1944. — December 1, 1944.

Present: FIELD, C.J., LUMMUS, DOLAN, RONAN, & WILKINS, JJ.

*Exoneration. Indemnity. Frauds, Statute of. Equity Pleading and Practice,* Appeal.

Upon an appeal in a suit in equity from a final decree for the plaintiff which was within the scope of the bill, where the record contained no statement of facts found and no report of the evidence, it must be assumed that there was evidence justifying a finding of facts supporting the decree.

A decree in a suit in equity directing the defendant to pay a certain sum of money to the plaintiff was within the scope of averments of the bill that the defendant had promised the plaintiff to pay a mortgage note which the plaintiff, as holder of the title to real estate on an oral trust for the defendant, had given to a third person at the defendant's request, and such decree was affirmed on an appeal without a report

of material facts or of the evidence; it was not necessary for the plaintiff to satisfy the note before requiring payment from the defendant.

A defendant's promise to pay a real estate mortgage note, given by one who held title to the real estate on an oral trust for the defendant and at his request, was not an oral contract for the sale of an interest in land within the statute of frauds, G. L. (Ter. Ed.) c. 259, § 1, Fourth; nor was it a promise to answer for the debt of another within § 1, Second, where it was made to the maker of the note rather than to the payee.

BILL IN EQUITY, filed in the Superior Court on January 4, 1943.

The suit was heard by *Hanify*, J.

The "mortgage note" referred to in the opinion was averred in the bill to be a note by the plaintiffs to the Brockton Savings Bank. There was no averment in the bill as to any amount which the defendant Nathanson owed the plaintiffs.

The decree "ordered, adjudged and decreed that there is due from defendant Jennie Nathanson to the plaintiffs $2,414.14 and interest from June 11, 1943, to this date, amounting to $140.77 plus $56.95 costs of suit," and ordered that defendant to pay said sums "to the plaintiffs," with further orders for enforcing payment by reaching and applying certain property of that defendant.

In this court the case was submitted on briefs.

*E. A. Wessling*, for the defendant Jennie Nathanson.

*R. P. Boruchoff*, for the plaintiff.

LUMMUS, J. The defendant Nathanson appealed from a final decree requiring her to pay to the plaintiffs certain sums for which they had become liable at her request upon a mortgage note given by them with respect to real estate the title to which the female plaintiff held under an oral trust for said defendant, who controlled and managed the real estate and received the profits. The bill alleged that said defendant promised the plaintiffs to pay the note.

The evidence is not reported. There is no finding of facts. The final decree is within the scope of the bill. It is to be assumed that the unreported evidence supported the decree. *Commissioner of Insurance* v. *Commonwealth*

*Mutual Liability Ins. Co.* 297 Mass. 219, 220. *Holbrook* v. *Holbrook*, 313 Mass. 163, 164.

The plaintiffs were not required, before obtaining the decree, to satisfy the note. The plaintiffs are entitled to exoneration. *Broadway National Bank* v. *Hayward*, 285 Mass. 459, 465. *Killoren* v. *Hernan*, 303 Mass. 93. *Morley Construction Co.* v. *Maryland Casualty Co.* 300 U. S. 185. Williston, Contracts (Rev. ed. 1936) § 1275. Payment to the plaintiffs, instead of to the payee of the note, was properly ordered, in view of the express promise to pay the note. Williston, Contracts (Rev. ed. 1936) § 1408. *Broadway National Bank* v. *Hayward*, 285 Mass. 459, 466. *Leshefsky* v. *American Employers' Ins. Co.* 293 Mass. 164, 173. *Nutter* v. *Mroczka*, 303 Mass. 343, 346. *McRae* v. *Pope*, 311 Mass. 500, 506.

That promise plainly was not an oral contract for the sale of an interest in lands, within G. L. (Ter. Ed.) c. 259, § 1, Fourth. Neither was it a "promise to answer for the debt . . . of another," within § 1, Second. A promise to the debtor, not to the creditor, to pay the debt, is not within the statute of frauds. Williston, Contracts (Rev. ed. 1936) §§ 460, 482. *Hubon* v. *Park*, 116 Mass. 541. *Hawes* v. *Murphy*, 191 Mass. 469, 472. *Colpitts* v. *L. C. Fisher Co.* 289 Mass. 232, 234.

*Decree affirmed with costs.*