HARRY W. SCHNEIDER & another vs. ARMOUR & COMPANY
& others.

Suffolk.    April 8, 9, 1948. — June 4, 1948.

Present: QUA, C.J., DOLAN, RONAN, WILKINS, & SPALDING, JJ.

*Exoneration. Equity Jurisdiction, Exoneration. Contract, To pay debt of another.*

Equity had jurisdiction to enforce a contract in writing by which a purchaser of shares of stock in a corporation had agreed with the seller to pay outstanding obligations of the corporation.

A promise made by a purchaser of corporate stock to the seller stockholder to assume and pay an outstanding debt of the corporation, payment of which the seller had guaranteed to the creditor, did not include payment of an attorney's fee as well as the amount of the debt and interest, although payment of that fee had been included in the seller's guaranty to the creditor.

In a suit in equity by a seller of capital stock of a corporation against the purchaser, who, as a part of the transaction, had agreed with him to pay outstanding obligations of the corporation, and also against a creditor of the corporation who had brought an action against the plaintiff on a guaranty by the plaintiff of payment of the creditor's claim with an attorney's fee, the proper decree would have been that the claim of the creditor be established, that the purchaser pay to the plaintiff the amount of the creditor's claim without the attorney's fee, and that the plaintiff pay to the creditor the amount of such claim with the attorney's fee.

BILL IN EQUITY, filed in the Superior Court on October 28, 1947.

The suit was heard by *Brogna*, J., and there were entered an interlocutory decree overruling a demurrer by the individual defendants; and a final decree adjudging that the plaintiffs were indebted to the defendant Armour & Company for $461, with interest of $13.83, and an attorney's fee of $69.15, a total of $543.98, and that the individual defendants were jointly and severally indebted to the plaintiffs for $543.98, and dismissing the bill as against the defendant Better Foods, Inc. The individual defendants appealed.

*C. F. Hathaway*, for the defendants Robinson, Kennedy and Jones.

*S. H. Rudman*, for the plaintiffs.

RONAN, J.   The bill alleges that the plaintiffs and two others, being all the holders of the capital stock of Better Foods, Inc., hereinafter called the corporation, in accordance with a written contract under date of June 18, 1947, amended on June 19, 1947, (a copy of which is attached to the bill), with the individual defendants, hereinafter called the defendants, sold their stock to the defendants for $18,000, the consideration being the assumption of and the promise upon the part of the defendants to pay the obligations of the corporation, including bills for merchandise, amounting to $13,402.04 and the payment of the balance of $4,597.96 in cash.   At the time of the transfer of the stock, the corporation owed the defendant Armour & Company, hereinafter called Armour, $461 for goods sold, and the plaintiffs had guaranteed the payment of this account together with interest and an attorney's fee.   Armour brought an action against the plaintiffs upon their guaranty.   The plaintiffs requested the defendants to pay this indebtedness of the corporation to Armour but they refused to do so.   The plaintiffs then brought this bill in equity to enjoin Armour from prosecuting the action against them, and to order the defendants jointly and severally to pay Armour the amount which the corporation owes it.   A demurrer of the defendants alleging want of equity was overruled.

The defendants by the amended written contract with the plaintiffs assumed the obligations of the corporation and agreed to pay its creditors including Armour.   That was an absolute and unconditional promise of the defendants and formed the major consideration for the transfer of the stock. The undertaking of the defendants was not one merely to indemnify or reimburse the plaintiffs, if they paid Armour, but was an obligation to pay Armour forthwith, as the bill alleged that this indebtedness was then due.   The plaintiffs were not required to satisfy their obligation to Armour before they could compel the defendants to pay them.   *Furnas* v. *Durgin*, 119 Mass. 500.   *Locke* v. *Homer*, 131 Mass. 93.

*Alexander* v. *McPeck*, 189 Mass. 34. *Nutter* v. *Mroczka*, 303 Mass. 343. By the contract as amended the defendants became bound to relieve the plaintiffs from their obligation to pay Armour. It therefore appears from the face of the bill that, as between the plaintiffs and the defendants, the plaintiffs were under a secondary liability for the satisfaction of Armour's indebtedness which the defendants, for a consideration moving to them from the plaintiffs, had assumed and agreed to pay. Consequently the defendants became the principal debtors who ought to be compelled to pay Armour and thus free the plaintiffs from a burden which ought ultimately to be borne by the defendants. The bill therefore alleges a suit calling for the application of the equitable doctrine of exoneration, and the demurrer alleging only the want of equity, *Baker* v. *Langley,* 247 Mass. 127; *Carleton & Hovey Co.* v. *Burns*, 285 Mass. 479, was properly overruled. *Cotting* v. *Otis Elevator Co.* 214 Mass. 294. *Fitcher* v. *Griffiths*, 216 Mass. 174. *Ricker* v. *Ricker*, 248 Mass. 549. *Killoren* v. *Hernan*, 303 Mass. 93. *Sokol* v. *Nathanson*, 317 Mass. 325. *Hughes-Hallet* v. *Indian Mammoth Gold Mines Co.* 22 Ch. D. 561. *Ascherson* v. *Tredegar Dry Dock & Wharf Co. Ltd.* [1909] 2 Ch. 401. *In re Richardson*, [1911] 2 K. B. 705.

The liability of the defendants as guarantors is to be ascertained from the terms of the written contract construed according to the usual rules of interpretation read in connection with the subject matter, the relations of the parties to the transaction, and the well understood usages of business. *Zeo* v. *Loomis*, 246 Mass. 366. *L. Littlejohn & Co. Inc.* v. *Handy*, 246 Mass. 370. *Agricultural National Bank* v. *Brennan*, 295 Mass. 325. *First National Bank* v. *McGowan*, 296 Mass. 101. The extent of the defendants' liability was the payment of the creditors of the corporation. A guaranty to assume and pay the indebtedness of another includes an obligation to pay interest but it does not generally contain an undertaking to pay the attorney's fees of the creditor. *Pittsburgh, C., C. & St. L. Ry.* v. *Keokuk & H. Bridge Co.* 109 Fed. 279. *Bank of America National Trust & Savings Association* v. *Oil Well Supply Co. of California*, 12 Cal. App.

(2d) 265.  *Abbott* v. *Brown*, 131 Ill. 108.  *Wetherbee* v. *Kusterer*, 41 Mich. 359.  *Moers* v. *Norske Handelsbank*, 191 App. Div. (N. Y.) 114.  *Walker* v. *McNeal*, 134 Okla. 111.  *All Wyoming Building & Loan Association Case*, 333 Pa. 250. *Woodstock Bank* v. *Downer*, 27 Vt. 539.  38 C. J. S., Guaranty, § 58.

The fact that the plaintiffs had guaranteed Armour the payment of the principal of the account, together with interest and an attorney's fee, did not bind the defendants, as their contract with the plaintiffs was simply to assume and pay the claim which the corporation owed Armour. There was error in the final decree establishing an indebtedness of the defendants to the plaintiffs which included an item of $69.15 for an attorney's fee.

Neither Armour nor the plaintiffs appealed, and consequently they are not entitled to a more favorable decree. *Brennan* v. *Bonnoyer*, 319 Mass. 307, 309.  Armour's counterclaim should have been established; the defendants should have been ordered to pay the plaintiffs the amount for which the defendants are liable under their contract, *Sokol* v. *Nathanson*, 317 Mass. 325; and the plaintiffs should be ordered to pay Armour the amount due on their guaranty. As the decree must be modified with reference to the item of $69.15, leave is given to the Superior Court in its discretion to insert provisions establishing the counterclaim and the orders for payments by the plaintiffs and the defendants. *Cooperstein* v. *Bogas*, 317 Mass. 341, 345.  In any event, the final decree is to be modified by striking out the item of $69.15 from the indebtedness established against the defendants and as so modified, together with such of the above mentioned modifications as shall be allowed by the Superior Court, is affirmed without costs, and the interlocutory decree is affirmed.

*So ordered.*