Rene G. Lucier & another *vs*. Harry W. Young.

Hampden.   January 7, 1959. — March 9, 1959.

Present: Wilkins, C.J., Ronan, Spalding, Whittemore, & Cutter, JJ.

*Broker*, Commission.   *Pleading, Civil*, Declaration.

Evidence in an action by a broker warranting findings that the plaintiff
at the request of the defendant procured a prospective buyer of real
estate with whom the defendant agreed upon all the terms of a sale
and that the prospective buyer, who was "prepared to purchase the
property" at the time for passing papers, was ready, able, and willing
to purchase it justified a conclusion that the plaintiff had earned a
commission payable by the defendant even though the defendant did
not sign a written sale and purchase agreement stating the agreed
terms and refused a tender of a deposit, the property was not con-
veyed to the prospective buyer, and the defendant was only one of
two coöwners of the property. [672-673]
A real estate broker who performed services in procuring a purchaser of
real estate for which an owner thereof promised to pay a specific
amount might, in an action against the owner, recover that amount
under a count of the declaration upon an account annexed even though
there was a verdict for the defendant on another count setting forth
an express contract to pay a commission in that amount for obtaining
a purchaser. [673-674]

Contract.   Writ in the Superior Court dated July 16,
1954.

The action was tried before *Macaulay*, J.

*Philip J. Ryan*, for the defendant.

No argument nor brief for the plaintiffs.

Whittemore, J.   The defendant excepted to the denial
of a motion for the direction of a verdict under a count which
alleged that the defendant owed the plaintiffs on an account
annexed which specified the sum of $1,290 for work per-
formed at the request of the defendant in securing a pur-
chaser of real estate in Springfield.

There was no error.   The jury could have found as fol-
lows: The proposed buyer, Wilfred G. Bourque, was found
by the plaintiffs at the request of the defendant, a coöwner

of the property with his wife, and the defendant agreed with Bourque to sell him the property for $43,000, $1,000 to be the down payment, subject to the settlement of other terms at the office of Bourque's attorney. The parties met at the attorney's office; the defendant's attorney was there; those present negotiated various terms which had been discussed or disputed; the attorney then caused an agreement of purchase and sale to be drafted on a printed form, with all terms necessary for a complete agreement stated, including the terms which had been negotiated and a provision that a broker's commission of three per cent would be paid to the plaintiffs. After the document was typed the addition of a short clause was agreed upon, and this clause was added in ink and both the defendant and Bourque initialed this addition. Bourque signed the agreement and an attorney witnessed his signature, and Bourque tendered the check for $1,000 as the down payment which the agreement called for but the defendant refused the check and asked that it be left with Bourque's attorney. The defendant did not sign the agreement but put both copies in his pocket saying that he was going to have his wife sign them and bring them back the next morning. The defendant did not sign, and the property was not conveyed to Bourque. Bourque, on the day specified to pass papers, July 15, 1954, was "prepared to purchase the property" and had executed the first mortgage and note for $29,000 to a bank which the draft of purchase and sale agreement contemplated. The draft agreement called for the defendant to take a second mortgage of $6,000. There was also evidence that the buyer waited at an office for some time with his attorney until they "learned that the defendant was not going to sell."

This evidence warranted the conclusion that at the conference all the terms had been negotiated to the defendant's satisfaction and warranted a verdict. *Palmer Russell Co.* v. *Rothenberg,* 328 Mass. 477. *Fitzpatrick* v. *Gilson,* 176 Mass. 477, 480, 481. *Cohen* v. *Ames,* 205 Mass. 186, 188. *Bines* v. *Rosen,* 263 Mass. 562. *Frankina* v. *Salpietro,* 269 Mass. 292, 295. *Henderson & Beal, Inc.* v. *Glen,* 329 Mass.

748. The failure of the defendant to sign or to accept the check was evidence that he had not agreed to all the terms but does not require such a finding. *Lieberman* v. *Cohn,* 288 Mass. 327, 330. That the defendant was not the sole owner was immaterial. *McKallagat* v. *LaCognata,* 335 Mass. 376.

*Doten* v. *Chase,* 237 Mass. 218, 219–221, though similar, is distinguishable on its facts. There a purchase and sale agreement was made out and "the terms . . . were mutually agreeable," but the buyers "desired to show . . . [it] to their lawyer before signing it" and the seller agreed ": that if the papers were signed by noon of the next day, he would . . . accept . . . the deposit and . . . sign" and before this was done the defendant said he would not sell. We ruled that the parties intended the execution of the agreement to be more than a "record of [a] bargain . . . already concluded" and that the terms of the oral agreement remained "in a state of a qualified acceptance," and that it could not be said that the plaintiff had produced a customer ready, willing and able to purchase. We think that in the case before us the jury could have found that all the terms had been accepted. Compare *Goldman* v. *Goodman,* 265 Mass. 347; *Chapin* v. *Ruby,* 321 Mass. 512. We think also that the evidence permitted a finding that the buyer was ready, able and willing to purchase the property. *Driscoll* v. *Bunar,* 328 Mass. 398, 401. *Hutchinson* v. *Plant,* 218 Mass. 148, 152–153. Compare *MacDonald* v. *Mihalopoulos,* 337 Mass. 260, 262–263.

Recovery can be had under an account annexed for services for which the defendant promised to pay a stated or determinable amount. *Fisher* v. *Doe,* 204 Mass. 34, 38. *Searls* v. *Loring,* 275 Mass. 403, 407, and cases cited. The count is not to be construed, as the defendant asserts, as a count only for an amount due in quantum meruit where the compensation had not been agreed upon, even though it would have been available to support a recovery on such theory. See *Altman* v. *Goodman,* 255 Mass. 41, 42–43.

It is irrelevant that the jury found for the defendant on another count which set out an express contract to pay a three per cent commission to obtain a purchaser. The issue of inconsistent verdicts is not presented. The sum stated in the account annexed was three per cent of the sale price and the account reads on the contract proved.

*Exceptions overruled.*