MARY KERBLE & another, executors *vs.* STELLA ARNOLD & another. April 2, 1959. Order dismissing report affirmed. In this action of contract for a broker's commission Max Druss, now deceased, hereinafter called the plaintiff, alleged in count 1 of his declaration that the defendants employed him to find a customer for certain real estate numbered 17 Concord Street, Malden; that he found a customer in one Shapiro, who signed a written agreement to purchase the premises for $14,200; and that the defendants in said agreement agreed to pay the plaintiff the regular broker's commission of five per cent. Count 2 was on an account annexed in which the plaintiff alleged that the defendants owed him $710 for procuring a customer for the sale of these premises. There was evidence that Shapiro made a deposit of $10 at the signing of the agreement and that he agreed to pay an additional deposit of $490 the following day. Shapiro sent the defendants a check for $490 as agreed. It was signed "Sol H. Shapiro, Trustee," and under the signature appeared the words "Clients Trust Funds." He stopped payment of this check and did not appear at the registry of deeds at the time fixed for passing papers. At the trial of this action in a District Court the judge saw and observed the witnesses. The plaintiff filed eight requests for rulings. The judge denied these requests to the extent that they are requests for findings of facts, and requests numbered 3 to 8, although correct as applied to an offer to pay a commission to a broker for procuring a customer, were denied as not applicable to the facts found by him. He expressly found that the offer made by the defendants was that the defendants would pay the plaintiff a commission for effectuating a sale of the house, and that it was not an offer to pay a commission for producing a customer ready, able, and willing to buy. Because the plaintiff did not effectuate a sale as required by the terms of the defendants' offer, he found for the defendants. Upon a report to the Appellate Division requested by the plaintiff, no error was found and the report was dismissed. "To recover a commission a broker ordinarily is required to prove only that he procured a customer ready, able, and willing to buy on the owner's terms. . . . But sometimes the terms of the broker's employment

are such that he is to receive a commission only if an actual sale is made. . . . The agreements are quite inconsistent and . . . the legal consequences attaching to them are very different." *Rich* v. *Mezzetti*, 323 Mass. 669, 670–671. The finding of the judge in the instant case that the defendants would pay the plaintiff a commission for effectuating a sale is decisive of this case. *Zakszewski* v. *Kurovitzky*, 273 Mass. 448. *Spritz* v. *Brockton Sav. Bank*, 305 Mass. 170.

*William I. Schell*, for the plaintiffs.
*Philibert L. Pellegrini*, for the defendants.