### Third District Court
#### of Bristol
No. 5934

## STANLEY J. WASHBURN

v.

## HECTOR O. GENDRON

Argued: Aug. 9, 1967 Decided Nov., 1967

*Present:* Nash, C.J., Cox, J.

Case tried to *Lee, J.* in the Third District Court. No. 5934.

*Cox, J.* This is an action to recover a broker's commission. There was a finding for the plaintiff in the sum of $7,500. The defendant claims

to be aggrieved by the rulings of the trial justice and his findings upon those rulings.

The justice found

"that the plaintiff procured a customer ready, willing and able to purchase the defendant's property and the defendant accepted the customer's offer but then the defendant refused to perfect his title and go through with the transaction."

No question is raised as to the amount if the plaintiff is entitled to a commission.

The plaintiff, a licensed real estate broker, was employed to procure a buyer for properties which included a licensed hotel, including contents, a licensed incorporated liquor business in which the defendant owned a stock interest, and the licenses, all for the price of $150,000.00. The plaintiff delivered to the defendant a written offer to purchase signed by one Richard Lagreze who deposited a binder with the plaintiff. The defendant signed the offer. Before the defendant signed Lagreze's offer he had prepared and submitted to him an inventory of the personal property. Lagreze was able, ready and willing to complete the purchase.

The written offer, already bearing the defendant's signature, was left with the defendant at his request for the securing of his wife's signature. It was returned to the plaintiff without the signature of the defendant's wife. The defendant told the plaintiff not to worry and assured him that his wife would sign a sale and

purchase agreement at their lawyer's office. Several appointments for that purpose were made but none were kept by the defendant or his wife.

The defendant's wife did not sign the written offer. No sale and purchase agreement was executed. There was no sale.

It was not until after the offer had been presented to the defendant that the plaintiff first learned that the realty was owned jointly by the defendant and his wife.

The defendant met with Lagreze several times on the premises to be sold. They orally arranged for the inventory and price of liquor on hand. The terms of a second mortgage were agreed upon.

The defendant refused to proceed with the sale "because of a private family matter." His daughter, the holder of a mortgage for $24,000., on the real estate, was said by the defendant to be unwilling to discharge it even though he said he had offered to pay her what was due.

A finding was warranted that the plaintiff did all that was necessary to earn his commission. "Ordinarily a broker earns a commission when he procures a customer, able, ready and willing to meet the owner's terms." *Maguire* v. *The Lawler Bros. Theatre Co.*, 312 Mass. 317.

The plaintiff had produced such a customer to buy on the defendant's terms as is clearly evidenced by the defendant's signing of Lagreze's written offer. The report states that

Lagreze was able, ready and willing to complete the purchase of the property. Nothing thereafter stood in the way of the plaintiff's right to his commission.

It is immaterial that no sale and purchase agreement between Gendron and Lagreze was made or that Gendron was only a part owner of the property to be sold. Those are matters of no concern to the broker. His commission is not dependent upon them. *Henderson & Beal, Inc.* v. *Glen,* 329 Mass. 748, 751-752, citing with approval *Ripley* v. *Taft,* 253 Mass. 490, 492, 493. *Dillon* v. *Barnard,* 328 Mass. 53, 58.

The wife's refusal to sign was therefore inconsequential. *Lucier* v. *Young,* 338 Mass. 671, 672. Gendron's refusal to carry out the transaction does not affect the plaintiff's commission. *MacDonald* v. *Mihalopoulos,* 337 Mass. 260, 262. The commission was not dependent upon the obtaining of the discharge of the mortgage held by Gendron's daughter. This information was not imparted by Gendron to the plaintiff until after the plaintiff had already earned his commission. *Alphen* v. *Bryant's Market, Inc.,* 329, Mass. 540, 543-544.

The justice's findings are decisive of this case. *Kerble* v. *Arnold,* 338 Mass. 799.

In the light of what has been said, and upon the authority of the cases which have been cited, there was no error in the denial of the defendant's request for rulings. They as-

sume that there was to be a sale before the plaintiff should become entitled to his commission. Such a finding was not required. They were rightly denied. *Wadsworth* v. *Boston Gas Co.*, 352 Mass. 86. *Fain* v. *Fitzhenry-Guptill Co.*, 335 Mass. 6, 9.

 The denial of the requested ruling that there was no evidence of bad faith by the defendant, was not prejudicial. Whether or not there was bad faith by the defendant in refusing to complete the transaction was inconsequential because that question in this case could only arise after the commissioned was earned and therefore could not affect it. The same is true of the denial of the request that "If the plaintiff, was to sell, the defendant could terminate the agency at any time before completion, if there was no bad faith." In addition, the request incorrectly assumed a sale before the commission would be earned. This is quite unlike a case where the employment of a broker is to sell and the owner sells to the broker's customer. In such a case the broker's authority cannot be revoked by the owner in bad faith for the purpose of avoiding a commission. Under those circumstances, however, bad faith is not to be presumed. It must be proved. *Dragone* v. *Dell'Isola*, 332 Mass. 11, 13. In the case before us the broker has earned his commission so that the question of revocation or termination of authority is of no consequence.

■ We see no merit to the contention that the claim is barred by the statute of frauds. G.L. c. 259, § 1, Second and Fourth. The arrangement between the parties was oral. It was not, however, a promise to answer for the debt of another nor did it concern an interest in land. It was a completed transaction between plaintiff and defendant. The statute has no application. *Sokol* v. *Nathanson,* 317 Mass. 325. *Almer* v. *Wadsworth,* 264 Mass. 18, 22. *O'Neill* v. *Reardon,* 238 Mass. 120. See also *Greenberg* v. *Weisman,* 345 Mass. 700, 702.

■ The denial of the defendant's motion for a new trial was a proper exercise of judicial discretion. A motion for a new trial "ought not to be granted unless on a survey of the whole case it appears to the judicial conscience and judgment that otherwise a miscarraige of justice will result." *Bartley* v. *Phillips,* 317 Mass. 35, 41-43. We perceive nothing in the report to justify a new trial.

As no prejudicial error of law appears the **report should be dismissed.**

ROSALIND POLL BROOKER
 of New Bedford, for the Plaintiff.
SOLOMON ROSENBERG
 of New Bedford for the Defendant.