WILLIAM G. DEARTH *vs.* HIDE & LEATHER NATIONAL BANK.

The holders of a promissory note, who have proved it against the estate of an insolvent in-dorser, and have afterwards given it up to the maker in exchange for a new note to them-selves of the same amount, are not entitled to any dividend from the indorser's estate, and must refund any dividend which they may have received; and the case would be the same if the holders, on taking the new note, had retained the old note as collateral secu-rity, and afterwards sold the old note in open market.

An amendment to a sworn answer in equity will not be allowed, if the amendment fails to state correctly facts which are admitted to be true.

An objection to a bill in equity, that the plaintiff has an adequate remedy at law, if not taken at the hearing, cannot be raised after the case has been reported on bill, answer and plaintiff's proofs for the determination of the whole court.

A claim of interest will not be allowed on a motion made for the first time subsequently to the hearing before the full court.

BILL IN EQUITY. At the hearing before *Hoar*, J., upon bill, answer and plaintiff's proofs, the case appeared to be as follows: The Portland Company made a promissory note for $2296, dated August 23, 1860, and payable in six months from date to the order of Page, Briggs & Babbitt; and this note was indorsed by Page, Briggs & Babbitt to the defendants. In January 1861, the indorsers became insolvent, and assignees were appointed of their estate. In July 1861, the defendants proved the note against the estate of the indorsers, and received a dividend thereon of $457.81, and on August 22, 1861, signed an agreement, by which, after reciting that they had received a dividend on the note in question and on other notes held by them, they promised the assignees, if they should receive from the makers of the notes "a sum of money which, with the dividend aforesaid, should exceed the amount of said notes, to pay the excess," to the assignees. In 1865, the assignees assigned all their interest in any claims against the defendants, under this agreement or otherwise, to the plaintiff.

The plaintiff alleged in the bill that the Portland Company had paid the full amount of the note, with interest, to the defendants; and that the defendants now held the sum of $457.81, being the amount of the dividend received by them in trust for the assignees, and under them for the plaintiff. In the answer, the defendants denied that the plaintiff had set out any facts entitling him to any relief in equity, and also that he had set out any sufficient facts to entitle him to recover against them either in law or equity, and that the Portland Company had ever paid the note to them; and alleged that they did not have possession of the note when the dividend was received, but that it had been, before that time, delivered to the makers, and a new note for the whole amount substituted. The answer was under oath.

At the hearing, after the above recited facts had appeared, the defendants moved to amend their answer by striking out the clause relative to their not having possession of the note at the time of the dividend; and inserting a statement that the note, after it had been proved against the indorser's estate, was with-

drawn from the files of the court of insolvency and held by the defendants, and, while so held, a note for a corresponding amount was given by the Portland Company to the defendants three different times; that when the first of these three notes became due and payable, it was dishonored and another note taken in its place, and when the second became due, that was not paid, and another note was taken in its place; that when the third of the notes became due, that was not paid, and having waited some time and made frequent demands for payment, the defendants sold the original note and the said last mentioned note in open market, for the most that could be obtained therefor, namely, the sum of seventy-five cents on the dollar.

It appeared from the evidence offered in support of this amendment that the defendants had held the original note as collateral security for the renewed notes.

The plaintiff objected to the allowance of the amendment; but, in case it should be allowed, he did not desire to offer any further evidence.

The presiding judge was of opinion that, if it was competent to amend the answer in the manner proposed, the amendment should be allowed, and he reserved all questions in the case, including the competency of the amendment, for the determination of the whole court.

*R. D. Smith*, for the plaintiff.

*E. Avery*, for the defendants.

CHAPMAN, C. J.    It appears that Page, Briggs & Babbitt went into insolvency January 10, 1861, being at the time indorsers of a promissory note which had been made by the Portland Company to them or their order, and had been indorsed by them and discounted for them by the defendants. This note was proved by the defendants in the court of insolvency, and they received thereon a dividend amounting to $457.81. The payment of this dividend would not entitle the assignees to the possession of the note in order that they might collect the amount of the Portland Company, for whom they had paid it; but it would give them an equitable interest in the note in the hands of the defendants, to the extent of the payment. In order to make a

Dearth *v.* Hide & Leather National Bank.

definite arrangement on the subject, the defendants made with the assignees the agreement dated August 22, 1861.

The defendants alleged in their answer, that, when they received their dividend, the note had been delivered to the promisors, and that they had taken a new note for the amount. The effect of giving up the old note, and taking a new note to themselves, was to extinguish the original debt, and substitute a new debt in which the assignees could have no interest. As between the defendants and the assignees, it was equivalent to a collection of the debt.

But not being satisfied with this answer, the defendants moved to amend it, though it had been sworn to. The amended answer failed, however, to state the facts as they are now admitted by the defendants to have been. This is a conclusive objection against granting the proposed amendment. One of the facts which it is contended are therein correctly stated is that the defendants have since sold the note in open market. While such a sale would be an appropriation of the note to the use of the defendants, as against the plaintiff, it would not bind the plaintiff, but would entitle him to regard it as paid. *Fletcher* v. *Dickinson*, 7 Allen, 23. It would not, therefore, constitute a good defence.

But the defendants contend that the plaintiff cannot maintain this bill because he has a plain, adequate and complete remedy at law. Such an objection must be made without delay and at the earliest opportunity. Being an objection to the jurisdiction, it is too late to make it after the jurisdiction has been submitted to. *First Congregational Society in Raynham* v. *Trustees, &c.* 23 Pick. 148. The objection should be made by plea or demurrer, or distinctly stated in the answer of the defendant; and a submission of the case on an agreed statement of facts is a waiver of the objection. *Russell* v. *Loring*, 3 Allen, 121. The case was heard on bill, answer and proofs, and the point was not raised at the hearing, and is not reserved in the report. It must therefore be regarded as waived.

*Decree for plaintiff for amount of dividend, and interest from filing of bill.*

A motion was subsequently made that interest be allowed from the time of the payment of the dividend ; but as this claim had not been previously made, the motion was denied.