SARAH O'CONNOR *vs.* ANTONY SLACHETKA.

Hampshire.    December 6, 1920. — January 7, 1921.

Present: RUGG, C. J., BRALEY, DE COURCY, CROSBY, & PIERCE, JJ.

*Equity Jurisdiction,* To enjoin trespass, Damages. *Trespass. Deed,* Unrecorded. *Damages,* In equity.

In a suit in equity by the owner of woodland to enjoin the owner of adjoining woodland from trespassing upon the plaintiff's land and cutting trees thereon, a final decree permanently enjoining the defendant and awarding damages to the plaintiff is warranted where a master, to whom the suit was referred and to whose report no exception was taken, found, without a report of the evidence, that the plaintiff was the owner of the premises described in the bill, his "title being under an unrecorded deed . . . which deed was introduced in evidence, without objection, by the plaintiff's counsel and there was no other evidence of its delivery," and that the defendant had committed and was continuing trespasses upon the plaintiff's land.

BILL IN EQUITY, filed in the Superior Court on July 30, 1918, to enjoin the defendant from trespassing upon woodland of the plaintiff and for triple damages under R. L. c. 185, § 7.

The suit was referred to a master. His report contained no report of evidence.

The master's finding as to the title of the plaintiff was as follows: "The plaintiff was the owner of that portion of the premises described in the bill of complaint lying westerly of the highway, her title being under an unrecorded deed from Jeremiah J. Hartnett dated October 20, 1902, which deed was introduced in evidence, without objection, by the plaintiff's counsel and there was no other evidence of its delivery. The defendant was the owner of the premises adjoining on the southerly and westerly sides of the premises of the plaintiff. He acquired his title in 1913."

The master's findings as to the trespass of the defendant and the plaintiff's damages were as follows: "I, accordingly, find on all the evidence that the defendant without right and without leave or license broke and entered the plaintiff's premises described in the bill of complaint and cut down and carried away trees, cord-wood and timber, but that such cutting and carrying away was not done wilfully and that the defendant had good reason to believe that the land on which the trespass was committed was his own and I, accordingly, find that the plaintiff is entitled to recover of the defendant the sum of $695 together with interest thereon from the date of the plaintiff's bill, namely, July 29, 1918."

No objection or exception to the report was filed. By order of *Aiken*, C. J., a final decree was entered permanently enjoining the defendant and awarding the plaintiff $695 and interest and costs. The defendant appealed.

The case was submitted on briefs.

*T. A. McDonnell & F. I. Gallagher*, for the defendant.

*R. J. Morrissey, J. L. Gray & R. T. King*, for the plaintiff.

BRALEY, J. The defendant not having demurred but having answered generally, the defence that the plaintiff had a plain and adequate remedy at law is not open. *Dearth* v. *Hide & Leather National Bank*, 100 Mass. 540. And, no exceptions having been taken to the master's report, the question is, whether the decree granting injunctive relief and assessing damages is within the frame of the bill and in accordance with the master's material findings.

The plaintiff's title having been established to the satisfaction of the master whose conclusion does not appear as matter of law

to be erroneous, (*Burrill* v. *Nahant Bank*, 2 Met. 163, 166,) the only issues of fact were, whether the defendant had unlawfully entered upon the plaintiff's land and cut and carried away her wood and timber, and, if so, whether the trespasses had been persistent and frequent. The master having found in favor of the plaintiff, she is entitled on the record not only to a permanent injunction restraining the defendant, his servants, or agents, from continuing to trespass upon the premises described in the bill, but to the damages shown by the report to have been suffered from his wrongful acts. *O'Brien* v. *Murphy*, 189, Mass. 353, 357. *Perry* v. *Pye*, 215 Mass. 403, 413. The decree should be affirmed with costs.

*Ordered accordingly.*