CHARLES L. BAKER, administrator, *vs.* HENRY J. LANGLEY, administrator.

Bristol.    October 23, 1923. — December 15, 1923.

Present: RUGG, C.J., BRALEY, DECOURCY, & PIERCE, JJ.

*Limitations, Statute of. Equity Pleading and Practice,* Bill, Demurrer, Exceptions, Appeal. *Equity Jurisdiction,* Statute of limitations, Laches, Adequate remedy at law, To enjoin action at law.

The defendant in a suit in equity demurred to the bill and the demurrer was overruled, and, although no formal interlocutory decree was entered, the defendant appealed. Thereafter the suit was heard on its merits and the defendant made requests for rulings. The requests for rulings were denied and the trial judge ordered the entry of a final decree for the plaintiff. Four days after the filing of such order, the defendant filed a claim of exceptions to the denial of his requests for rulings and prayed that the exceptions be saved. Two days later, by order of the trial judge, a final decree was entered for the plaintiff. Seven days thereafter the defendant appealed from the final decree. *Held,* that the correctness of the disposition of the defendant's demurrer and of his request for rulings presented at the hearing on the merits was before this court on the appeals.

The title holder of a deposit of $100 in a savings bank died in 1857, leaving the book in the hands of one who, from time to time, presented the book for

indorsement of interest by the bank without making any claim for drafts from the deposit or against the administrator of the estate of the title holder. He died in 1868, and the executrix of his will treated the deposit and the book as he had. After her death her daughter retained possession of the book, but made no attempt to reduce the deposit to possession. She died on August 7, 1921. On July 18, 1922, an administrator with the will annexed of goods not already administered of the man who was in possession of the book at the time of the death of the title holder brought an action at law against the administrator of the estate of title holder, claiming the amount of the deposit and also claiming payment for board and lodging of the title holder during his lifetime, and interest; and the administrator of the estate of the title holder thereupon brought a suit in equity to enjoin such an action at law, alleging laches on the part of the persons who successively had claimed an interest in the book after the death of the title holder. The defendant filed a general demurrer to the bill, but neither in his demurrer nor in his answer did he set up as a defence either the statute of limitations or that the plaintiff had an adequate and complete remedy at law. The demurrer was overruled. After a hearing on the merits, there was entered a final decree, enjoining the defendant from taking any further action to secure the savings bank deposit or any part thereof. *Held,* that

(1) The suit under a prayer for general relief could be maintained to recover possession of the bank book and to determine whether the deposit was to be administered as the estate of the plaintiff's intestate;

(2) It was too late at a hearing of the suit on the merits to raise the question, whether the plaintiff's suit should be barred because he had a complete and adequate remedy at law;

(3) In the circumstances, the plaintiff was at liberty to elect the concurrent remedy of a bill in equity;

(4) It was proper to overrule the demurrer;

(5) The court, having acquired jurisdiction for one purpose, properly might retain it for any other purpose within the scope of the bill;

(6) The claimants to the deposit having neglected to assert any title to it for more than half a century, it was not necessary to consider the defence of the statute of limitations;

(7) The estate of the plaintiff's intestate should not be put to the expense, nor its settlement delayed, nor the ends of justice defeated by the further prosecution of the case at law in which no substantial living cause of action existed;

(8) The general rule, that, where a case, whether at law or in equity, is within the jurisdiction of either court, the court which first acquires jurisdiction must decide the case, was not applicable, both the action at law and the suit in equity being in the same court, which had general jurisdiction of the entire litigation;

(9) The final decree was affirmed.


BILL IN EQUITY, filed in the Superior Court on November 10, 1922, and afterwards amended, by the public administrator for the county of Bristol in his official capacity as

administrator of the estate of Phillip Joseph, late of Fall River, against the administrator *de bonis non* with the will annexed of Abner G. Davol, late of Fall River, to enjoin the prosecution by the defendant of an action of contract begun by him against the plaintiff to recover payment for board and lodging alleged to have been furnished by Davol to Joseph previous to November 16, 1857, with interest, and to recover the full amount of a savings bank deposit in the Fall River Savings Bank which, at the time of the death of Joseph, amounted to $100 but, at the time of the bringing of the action at law, amounted, with accumulated interest, to $2,474.75, the defendant in the suit in equity contending in the action at law that said savings bank deposit was given by Joseph to Davol in his lifetime.

It was further alleged in the bill that Joseph died in 1857; that Davol died on January 3, 1868, and that his widow, California A. Davol, thereafter retained the savings bank book and that it was presented to the savings bank to have accumulations of interest noted thereon, but that she neither made any attempt to reduce the bank deposit to her possession as executrix nor did she notify the public administrator of its existence; that after the death of California A. Davol the book remained in the possession of Carrie M. Langley, a daughter of the Davols, until she died on August 7, 1921, and that she made no attempt to reduce the bank deposit to possession as the property of Abner G. Davol nor to notify the public administrator of its existence. The action of contract by the defendant against the plaintiff was begun on July 18, 1922. In the tenth paragraph of the bill as amended, the plaintiff alleged " that the said Abner G. Davol, California A. Davol, executrix of the estate of Abner G. Davol, and the said Carrie M. Langley were guilty of laches in failing to present the claim to said bank deposit; and that the said Abner G. Davol, California A. Davol, as executrix aforesaid, and Carrie M. Langley for a long period of time slumbered upon their rights."

The defendant filed a demurrer on the sole ground that the plaintiff had not stated in his bill such a cause as entitled him to any relief in equity against the defendant. The

demurrer was heard by *Dubuque*, J., and thereon was marked the following indorsement: "Demurrer overruled and defendant appeals and excepts." The record shows no bill of exceptions, and no formal bill was filed.

The defendant thereafter filed an answer to the amended bill and the suit was heard on its merits by *Burns*, J. The plaintiff made the following requests for rulings:

" 1. On the whole evidence the plaintiff is not entitled to relief in equity in this suit.'

" 2. Plaintiff has an adequate remedy at law.

" 3. Plaintiff has an adequate remedy at law, in that it may set up its equitable defence to defendant's action at law by an equitable answer in said action at law.

" 4. Plaintiff has not shown that he has been injured by lapse of time in the collection of the claim of estate of Abner G. Davol and is not entitled to relief in equity herein prayed for."

On June 22, 1923, the trial judge filed a memorandum ordering a decree enjoining the defendant as prayed for. On June 26, the defendant filed a claim of exceptions " to the refusal of the court to grant his requests for rulings one to four inclusive " and prayed that his " exceptions may be saved." On June 28, by order of *Burns*, J., a final decree was entered enjoining the defendant from prosecuting the action at law or from taking any further action to secure the savings bank deposit or any part thereof. On July 5, 1923, the defendant appealed from the final decree. On September 25, 1923, at the request of the defendant, the trial judge filed a report of material facts under G. L. c. 214, § 23.

The case was submitted on briefs.

*L. E. Wood & I. Brayton*, for the defendant.

*A. E. Seagrave*, for the plaintiff.

BRALEY, J. It appears that one Phillip Joseph, an unmarried seaman, died intestate November 16, 1857, leaving no heirs in this Commonwealth, and the defendant concedes that the plaintiff is the duly appointed administrator of his estate, although the date of appointment is not disclosed by

the record. G. L. c. 194. The intestate left as his only estate a deposit in a savings bank of $100 which with accumulated interest amounted on August 5, 1921, when the plaintiff was first informed of it to $2,474.45. The bank book after the intestate's death remained in the possession of the testator who died January 3, 1868. But neither he nor this executrix, nor legatees and heirs attempted to obtain the money, although from time to time the book which remained in their possession and control was presented for the entry of accrued interest. The defendant on July 18, 1922, brought an action of contract in the Superior Court against the plaintiff to recover for board and lodging alleged to have been furnished by the testator to the intestate, and to recover the amount of the deposit as a gift to the testator, and as money had and received to the plaintiff's use. The defendant in that case, plaintiff in the case at bar, demurred, and the case was pending on the demurrer when the defendant in that case brought in that court November 10, 1922, the bill in the case at bar, asking, that the defendant in the case at bar, plaintiff in that case, be perpetually enjoined from prosecuting the action at law because of the inexcusable delay of the testator and those claiming under him to assert whatever rights they had against the estate of the intestate, or to the deposit. It is alleged that, approximately sixty-five years having elapsed since the death of the intestate, and fifty-four years since the death of the testator, the plaintiff " is without means of satisfying himself as to the validity of the claim set forth in said declaration " in the action at law, and has been " advised that there is a reasonable doubt whether the statute of limitations may be urged [therein] as a defence." It also is found even if the bank book at the plaintiff's request was submitted to him by counsel for the defendant under the condition that after examination it should be returned, that the deposit was property left by the intestate.

The bill under the prayer for general relief can be maintained to recover possession of the bank book, his alleged right to which the defendant had not relinquished, and to

determine whether the deposit is to be administered as the intestate's estate. *Mitchell* v. *Weaver*, 242 Mass. 331, 336, and cases collected.

The main contention of the defendant under the demurrer in the case at bar, and under the requests for rulings which are before us on the appeal, *Kennedy* v. *Welch*, 196 Mass. 592, *Cushman* v. *Noe*, 242 Mass. 496, is, that the plaintiff has a complete and adequate remedy at law by pleading the statute of limitations, or by an equitable defence under G. L. c. 231, § 31. But to sustain any objection to the jurisdiction of the court on the ground of the adequacy of the remedy at law it is settled by our decisions, that it must be pleaded " without delay and at the earliest opportunity." It is neither raised by the demurrer nor stated in the answer, and this objection presented for the first time at the hearing on the merits comes too late. *Russell* v. *Loring*, 3 Allen, 121, 125, 126. *Jones* v. *Newhall*, 115 Mass. 244. *Haskell* v. *Merrill*, 179 Mass. 120, 123. And no answer having been filed the plaintiff can elect the concurrent remedy of a bill in equity. *Nash* v. *D'Arcy*, 183 Mass. 30. *Corbett* v. *Craven*, 196 Mass. 319, 320. *J. P. Eustis Manuf. Co.* v. *Saco Brick Co.* 198 Mass. 212, 217. *Noyes* v. *Noyes*, 233 Mass. 55. The demurrer being general and the bill being sufficient for reasons previously stated, it was overruled rightly. *Granara* v. *Italian Catholic Cemetery Association*, 218 Mass. 387. And the court having acquired jurisdiction for one purpose will retain it for any purpose within the scope of the bill. *Bartlett* v. *Parks*, 1 Cush. 82. *Perry* v. *Pye*, 215 Mass. 403, 413.

It is uncontroverted that for more than half a century the claimants neglected to assert any title to the deposit, or claim for compensation and the statute of limitations in so far as urged by the defendant need not be further considered. *Sawyer* v. *Cook*, 188 Mass. 163, 168. *Sunter* v. *Sunter*, 190 Mass. 449, 455, 456. See *Phelps* v. *Brewer*, 9 Cush. 390, 399. The estate of the intestate should not be put to the expense, nor its settlement delayed, nor the ends of justice defeated by the further prosecution of the case at law in which no substantial living cause of action exists. *Cook* v. *Sawyer, supra.* It should, however, be observed that the

general rule, that where the case, whether at law or in equity is within the jurisdiction of either court, the court which first acquires jurisdiction must decide the case, is not applicable because both cases are in the same court, which had general jurisdiction of the entire litigation. G. L. c. 212, § 3, c. 214, § 1. *Phillips* v. *McCandlish*, 239 Mass. 301, 305.

The decree overruling the demurrer, and the final decree granting full injunctive relief must be affirmed.

*Ordered accordingly.*