WILLIAM W. REYNOLDS & another *vs.* GEORGE GROW & others.

Suffolk.　December 4, 1928. — January 4, 1929.

Present: RUGG, C.J., CROSBY, CARROLL, WAIT, & SANDERSON, JJ.

*Equity Pleading and Practice*, Waiver of defence, Retention of suit for assessment of damages, Cross bill. *Waiver. Damages*, In suit in equity.

The plaintiff in a suit in equity sought to establish the amount due him from the defendant under a contract and to reach and apply certain of the defendant's property alleged to have been conveyed in fraud of creditors. The defendant filed a cross bill, alleging breach of the contract and false representations by the plaintiff and seeking the assessment of damages against the plaintiff. Upon motion by the defendant, the bill and cross bill were referred to a master, before whom a full hearing was had. The defendant's counsel stated at the beginning of the hearing that the defendant waived no defence which might be open to him; and, at the close of the hearing, contended that the plaintiff

was not entitled to equitable relief. Upon facts found by the master, it appeared that the plaintiff was not entitled to any equitable relief, but a final decree was entered ordering the defendant to pay the plaintiff a certain amount found by the master to be due. The defendant appealed, contending that the assessment of damages was erroneous. *Held*, that

(1) The defendant failed seasonably to assert the defence that the plaintiff had an adequate remedy at law; and such defence was waived by the defendant;

(2) The final decree was proper and was affirmed.

In the title to the cross bill in the suit in equity above described, an insertion was made to the effect that the cross bill was "to amended bill"; and it was alleged in the cross bill that an amended bill had been filed, although the record before this court on appeal contained no copy of any amended bill, and it did not appear that any amendment to the bill had been allowed. After the filing of the master's report, and without objection by the defendant, a motion by the plaintiff that the "amended bill" be struck from the record was allowed. No decree was entered dismissing the cross bill. The master found, without objection by the defendant, that the cross bill was to the original bill. The defendant contended that, because the "amended bill" was ordered struck out, the cross bill should be disregarded and given no significance as showing a waiver of the right to rely on a defence that the plaintiff had an adequate and complete remedy at law. *Held*, that there was no merit in such contention.

BILL IN EQUITY, filed in the Superior Court on February 8, 1924.

The same counsel represented all defendants.

The pleadings, proceedings before a master to whom the suit was referred, and a final decree entered by order of *Morton*, J., are described in the opinion. The defendants appealed.

*R. S. Wilkins*, for the defendants.

*R. W. Reeve*, (*A. B. Tolman* with him,) for the plaintiffs.

SANDERSON, J. This is a bill in which the plaintiffs seek to establish the amount due them under a contract entered into with the defendants Grow, Conley and Stoneman, relating to the construction of a country club in Weston, and to reach and apply in payment certain property of the defendants alleged to have been conveyed in fraud of creditors. The three defendants named are now the only parties defendant.

A cross bill was filed alleging breaches of the contract by the plaintiffs resulting in damages which the defendants

sought to recover. The master's report states that the defendants alleged in amendment to their cross bill false and fraudulent representations by the plaintiffs in reliance upon which the defendants entered into the contract and conspiracy between the plaintiffs to defraud the defendants. No copy of this amendment is printed in the record. The suit and cross bill were referred to a master upon motion of the defendants Conley, Stoneman, and others not now parties. No claim was made for jury issues. After extended hearings the defendants filed with the master forty requests for findings of fact; many of these were granted; others, some of which asked for findings of false representations by the plaintiffs, were denied. One of the requests of the defendants was in part allowed and resulted in a deduction from the amount which the plaintiffs alleged to be due. Other findings were of substantial sums in their favor in case the court should make certain rulings on the facts. The defendants also filed objections to the report. Upon the facts found by the master, the equitable relief sought could not be granted, but the suit was retained for the assessment of damages. After confirmation of the master's report, a final decree fixing the amount of the indebtedness of the defendants to the plaintiffs and making other orders connected therewith was entered, from which the defendants appealed. The only question argued by them is whether the court had the right to retain the bill for the assessment of damages.

As a general rule when a bill is brought in good faith to obtain equitable relief to which, upon the allegations if proved, the plaintiff would be entitled, if it appears upon the hearing that the relief cannot be granted but that the plaintiff has suffered damage, the bill may in the discretion of the court be retained for the assessment of damages. *Case* v. *Minot,* 158 Mass. 577, 588. *Newburyport Institution for Savings* v. *Puffer,* 201 Mass. 41, 47. *Perry* v. *Pye,* 215 Mass. 403, 415. *Baker* v. *Langley,* 247 Mass. 127, 132. *E. Kronman, Inc.* v. *Bunn Bros. Inc.* 258 Mass. 562, 567.

By answering to the merits, the defence of adequacy of remedy at law may be waived. *Ryan* v. *Annelin,* 228 Mass. 591. *O'Connor* v. *Slachetka,* 237 Mass. 228, 229. In the

case at bar, however, the bill on its face was not demurrable and the defendants should not be held to have lost any rights because of their failure to demur. It has been held that, if the defence that the plaintiff had a full, adequate and complete remedy at law is neither raised by demurrer nor set up in the answer and the objection is presented for the first time at the hearing on the merits, it comes too late. *Baker* v. *Langley,* 247 Mass. 127. The defence to be available must be raised promptly, and unless it is insisted on it is waived. *Luciano* v. *Caldarone,* 255 Mass. 270. By filing a cross bill, asking for the appointment of a master, contesting before the master the validity of the plaintiffs' claim, and at the time seeking an assessment of damages against the plaintiffs, the defendants have waived this defence. *Hoshor-Platt Co.* v. *Miller,* 190 Mass. 285, 286, 287. "By proceeding without objection in a hearing on the merits before the master, the defendant must be taken to have waived the allegations in his answer that the plaintiff had a plain and adequate remedy at law, and that the bill did not state a case that entitled him to relief in equity." *Driscoll* v. *Smith,* 184 Mass. 221, 223. *Parker* v. *Nickerson,* 137 Mass. 487, 489. "The objection comes too late after a defendant has answered generally, asked for relief by a cross bill, and submitted himself to the jurisdiction." *Edgett* v. *Palmer,* 225 Mass. 377, 379. The defendants by taking their chances as to the results of a hearing on the merits, *Crocker* v. *Dillon,* 133 Mass. 91, 102, had consented to the jurisdiction of the court. *Dearth* v. *Hide & Leather National Bank,* 100 Mass. 540, 543. The statement made to the master on the second day of the hearing — that the defendants waived no defence that might be available to them — and the contention made before him at the conclusion of the evidence — that the plaintiffs had no right to equitable relief — do not enable them to avoid the consequences of having submitted their cause to the equity jurisdiction of the court.

The bill of complaint was filed February 8, 1924, and the cross bill August 1, 1924. In the title to the cross bill the words "to amended bill" written in ink were inserted. At the end of the cross bill in parenthesis appears the statement

that the amended bill of complaint was filed March 25; 1924. There is no copy of an amended bill in the record, but on February 15, 1928, the court allowed a motion that the amended bill be stricken and expunged from the record on the ground that it was filed inadvertently and by mistake. The defendants did not object to the allowance of this motion. The master's report was filed February 6, 1928. The defendants now contend that when the amended bill was expunged, the cross bill fell with it and became of no more effect than as if it had never been filed. It did not appear that any amendment to the original bill was allowed. That bill and the cross bill were the only ones that could be referred to a master when the defendants made the motion for reference to a master. The findings were based upon issues raised by the original bill and the cross bill. No decree has been entered dismissing the cross bill. The master found that the cross bill was filed to the original suit, and to this finding no objection was made. Upon the whole record the defendants' contention that their cross bill should be treated as though it had not been filed cannot be maintained.

The defendants in the case at bar, having fully submitted themselves to the jurisdiction of the equity court, have lost the right, if any they had, to urge that the bill should be dismissed because the plaintiffs had a full, adequate and complete remedy at law.

*Decree affirmed with costs.*