ALFRED WINICK *vs.* GIUSEPPE PADOVANI & another.

Suffolk.   February 10, 1933. — May 24, 1933.

Present: RUGG, C.J., CROSBY, WAIT, DONAHUE, & LUMMUS, JJ.

*Equity Pleading and Practice,* Master: requests for findings, objections to report; Decree. *Mortgage,* Of real estate: foreclosure, accounting by mortgagee. *Equity Jurisdiction,* To enjoin foreclosure of mortgage, Accounting.

A document entitled "Plaintiff's Requests," which began, "Plaintiff requests that the master add the following" and which was presented by the plaintiff to a master hearing a suit in equity at the hearing on the settling of his report, although appended by the master to his report, did not meet the requirements for valid objections set up by Rule 90 of the Superior Court (1932) and should not have been treated as objections and exceptions to the report.

Such "requests" related merely to findings of fact which the master had refused to make, and properly were overruled, even if treated as exceptions.

In a suit in equity by a mortgagor of real estate against the mortgagee seeking in substance an accounting, an injunction against foreclosure of the mortgage and a discharge thereof upon payment by the plaintiff of any sum found to be due from him to the defendant thereunder, a master made findings in regard to the mortgage transactions, found that the mortgage was due and unpaid and that conditions thereof had been broken, and stated the account between the mortgagor and the mortgagee, showing a balance to be due to the mortgagee; but a final decree merely dismissed the bill. Upon an appeal by the plaintiff, it was *held*, that

(1) It was proper to dismiss the bill, because the defendant was entitled to foreclose the mortgage and because none of the specific prayers of the bill could be granted;

(2) The case having been fully heard and an account stated by the master, the plaintiff was entitled to a statement in the final decree of the true amount found by the court to be due to the defendant from the plaintiff.

(3) The final decree was ordered modified by the addition of such a statement and, as so modified, was affirmed.

An incidental ruling by the master in the suit above described, that certain oral undertakings, which were alleged to have been entered into between the parties after the mortgage was made and to have related to rentals, if ever made, were collateral to the mortgage and did not become conditions of it, was right.

Findings of fact in favor of the defendant upon the question of accounting in the suit above described, the evidence not being reported, were *held* not to be inconsistent one with another and not clearly wrong.

BILL IN EQUITY, filed in the Superior Court on April 1, 1932, and described in the opinion.

Material prayers of the bill were as follows:

"2. That the said defendants, their servants, agents or attorneys be permanently restrained from foreclosing said third mortgage. . . .

"3. That the said defendants, their servants, agents or attorneys be restrained from assigning, pledging, conveying, or otherwise disposing of said third mortgage and note and of the second mortgage and note so held by them until further order of the Court.

"4. That he be awarded damages sustained by him on account of the negligent conduct and manner of the defendants in the fulfillment of the powers so granted to them.

"5. That the amount so awarded the plaintiff for damages

be deducted from the moneys due the said defendants on the said second and third mortgages so held by them.

"6. That he be awarded compensation for expenses incurred and to be incurred in the prosecution of this bill of complaint as well as the costs usually allowed and to which he is entitled; that the same be deducted from the moneys due the defendants on the second and third mortgages so held by them.

"7. That if there shall be any moneys due the defendants on their second and third mortgages after the damages and compensation so awarded your plaintiff as described in paragraphs 3 and 5 of the prayers have been deducted, that a decree be entered ordering said defendants to be paid the balance so due them from rents to be collected on said premises, and that upon the full payment thereof, that the said defendants be ordered to cancel the second and third mortgage notes and execute proper discharges of the mortgages within whatever time ordered by the court.

"8. That if there is found to be any moneys due your plaintiff after the damages and compensation so awarded your plaintiff as described in paragraphs 3 and 5 of the prayers of this bill of complaint have been deducted from the moneys due said defendants on said second and third mortgages, that a decree be entered awarding the plaintiff the balance so due and that execution issue therefor together with costs.

"9. And for such further relief as the court may deem necessary and expedient from time to time until final disposition of this bill of complaint."

The suit was heard by a master. Material findings by him, and a document entitled "Plaintiff's Requests" and appended to his report, are described in the opinion.

By order of *Goldberg,* J., an interlocutory decree was entered which treated the "Plaintiff's Requests" as objections and exceptions to the report, overruled them and confirmed the report; and a final decree was entered dismissing the bill.

The plaintiff appealed.

*F. Ramacorti,* for the plaintiff.

*J. J. Mansfield,* for the defendants.

WAIT, J.   The plaintiff appeals from an interlocutory
decree which adjudged that "the exceptions be and are
hereby overruled, and the master's report be and is hereby
confirmed"; and from a final decree that "the bill be and
hereby is dismissed."

The interlocutory decree must be affirmed.   The record
shows that a report filed by the master on June 11, 1932,
was, on objections filed by the plaintiff, after hearing, re-
committed to the master by interlocutory decree entered
July 15, 1932, "for the purpose of redrafting his report,
and of making it more full, definite and adequate as to his
findings of facts on the issues."   The master reviewed the
evidence, and filed a "Report upon Order Remanding" on
August 1, 1932.   This report dealt, *seriatim*, with the alle-
gations of the bill, paragraph by paragraph, and ended with
findings covering the dealings of the parties in the transac-
tions involved in the subject matter of the controversy.   The
master appended to the report a document which he describes
as "requests of findings of fact" presented by the plain-
tiff, which was entitled "Plaintiff's Requests" and which
begins: "Plaintiff requests that the Master add the follow-
ing."   We infer that these "requests" were presented at the
hearing on the settling of the report and were not filed with
the master at or before the close of the taking of evidence or
review of evidence previously heard.   There are more than
twenty "requests."   They relate to findings of fact; and
seek restatement of facts reported or addition of what the
plaintiff alleges to be facts.   There properly is no report of
the evidence.   At the hearing upon confirmation of the
report, these "requests," apparently, were treated as objec-
tions and exceptions to the report.   We think they had no
such standing.   A party who wishes to rely upon an objec-
tion as an exception under Rule 90 of the Superior Court
(1932), should indicate clearly that he not only requests that
what he asks be done, but that he claims a remedy if it be
not done.   There is here no assertion in words that the
plaintiff controverts the ultimate decision of the master.
Nor is there any transcript of evidence such as the rule
requires where the contention is made that the evidence

will not support the finding of the master; or any request for a brief, accurate and fair summary of evidence by the master, sufficient to enable the court to pass upon a question of law. These "requests" do not meet the requirements for valid objections set up by the rule. Even if they be treated as exceptions, they relate merely to findings of fact which the master has refused to make, and were overruled properly. *Warfield* v. *Adams*, 215 Mass. 506, 519.

Although made on the same day and passed by the same judge, the final decree as entered does not fully comply with the order for final decree. The bill does not in terms pray for an accounting, but, in substance, it is a bill for an accounting and for appropriate orders with reference to foreclosure of a mortgage. The master made findings in regard to the mortgage transactions, found the mortgages upon the premises due and unpaid with conditions broken, and stated the account between mortgagor and the mortgagees, showing a balance to be due to the mortgagees. The judge, upon the hearing for decree upon the merits, ruled that an allowance of $220 should have been made to the plaintiff in respect to rents not collected, and that a further deduction for taxes, properly chargeable but in fact not paid, should be made from the balance found against the plaintiff. He ordered the bill to be dismissed. Inasmuch as the defendants were entitled to foreclose, and as none of the specific prayers of the bill could be granted, a decree dismissing the bill was warranted. Nevertheless, as the case had been fully heard and an account had been stated in the report, the plaintiff was entitled to a statement in the decree of the true amount found by the court to be due to the defendants from the plaintiff. *Daniels* v. *Briggs*, 279 Mass. 87, 95.

We find no other error in the final decree. The plaintiff contends that damages should have been found due to him in consequence of wrongful failures of the defendants to perform undertakings with regard to the care and upkeep of the premises, and in the renting of apartments and failures to obtain and collect rents. The master found that there had been no wrongful action; unless rentings at

lower prices than those fixed by the plaintiff had, as matter of law, been wrongful. These rentings, made pursuant to a provision in the third mortgage, he found resulted in a loss of $220. It was this loss which the judge ruled was due to the plaintiff. Without discussing the facts in detail we are satisfied that the master's findings, substantially all in favor of the defendants, are justified. The authority to collect and account for rentals conferred upon the defendants by the third mortgage did not cover the oral undertakings with reference to care of the buildings which the plaintiff alleges were subsequently assumed by them. The master was right in his incidental ruling of law that the alleged oral undertakings, if ever made, were collateral to the mortgage and did not become conditions of it. His findings of fact that the female defendant did not make any of the alleged oral promises dispose of the matter so far as material to the case against her, while the finding that the male defendant did all that the plaintiff could rightfully ask relieves that defendant. We think the finding that the plaintiff waived any right to complain against the male defendant was justified in view of his intimate knowledge of what was carried on at the premises. No agreement to look only to rents for payment of the third mortgage was found by the master.

If the deductions found by the court properly to be made are subtracted from the balance of account as shown by the master, the decree should show $2,208.22 to be the balance remaining due in April, 1932. The final decree should be modified by declaring this amount to be due; and, as so amended, should be affirmed, with costs.

*Ordered accordingly.*