CARLETON AND HOVEY COMPANY & another *vs.* FRANK H. BURNS.

Middlesex.    November 7, 1933. — March 2, 1934.

Present: RUGG, C.J., CROSBY, FIELD, DONAHUE, & LUMMUS, JJ.

*Equity Pleading and Practice*, Master: findings of fact, exceptions, recommittal; Appeal; Bill; Demurrer. *Equity Jurisdiction*, To foreclose mortgage. *Mortgage*, Of real estate. *Deed*, As security.

No valid exception lay to the report of a master, to whom a suit in equity was referred under a rule directing him "to report his findings . . . together with such facts . . . as either party may request," on the ground of the master's failure to make findings of subsidiary facts requested by the excepting party; the party's proper remedy was by way of a motion to recommit with directions to make findings upon specified questions of fact.

No valid exception lies to the report of a master in a suit in equity on the ground of his refusal to attach certain exhibits to his report; the party's only effective remedy is by way of a motion to recommit with directions to make the exhibits a part of the report.

Upon appeal from a decree in a suit in equity confirming the report of a master, there was no merit in a contention by the appellant directed to the point that the rule to the master provided that his hearings should be closed on or before a certain date and that one hearing was held subsequent to that date: the time for hearings was extended by implication by the entry of the decree.

Although there was no appeal from an interlocutory decree overruling a demurrer to the bill in a suit in equity, the correctness of that decree was still open to question in this court upon appeal by the defendant from a final decree subsequently entered.

The proper method of foreclosing security for a debt consisting only of a deed of land absolute in form is a suit in equity invoking the general equity jurisdiction of the court and not a writ of entry under the statute.

Where the plaintiff in a suit in equity sets forth in the bill several alleged grounds for relief, and a demurrer by the defendant is addressed to the bill as a whole on the grounds of want of equity and of the adequacy of the plaintiff's remedy at law, the demurrer must be overruled if the suit can be maintained on any ground stated in the bill or for any purpose.

Where, in a suit in equity to foreclose a deed of the character above described given by the defendant to the plaintiff, and also seeking an accounting by the defendant and to have him enjoined from prosecuting certain actions at law against the plaintiff, the only defence raised by a demurrer and answer by the defendant was the general one that the bill as a whole stated no case for equitable, as distinguished from legal, relief, it was proper to overrule the demurrer, because a proper ground for relief was stated in the bill with respect to the deed, and thereafter to proceed to deal with the whole subject matter of the bill on the merits; and this court, on appeal by the defendant from a final decree granting to the plaintiff the relief sought on all the grounds stated in the bill, affirmed the decree without considering the question, whether the trial court had jurisdiction in equity to compel an accounting by the defendant and to enjoin the prosecution by him of the actions at law.

BILL IN EQUITY, filed in the Superior Court on July 8, 1930, and afterwards amended.

The defendant demurred, and filed an answer two days later. The pleadings are described in the opinion. Subsequently the demurrer was heard by *Qua*, J., by whose order an interlocutory decree overruling it was entered. There was no appeal from said decree.

The suit then was referred to a master. Material find-

ings by him are stated in the opinion.   By order of *Pinanski,*
J., there were entered an interlocutory decree overruling
the defendant's exceptions to the master's report and con-
firming it, and the final decree described in the opinion.
The defendant appealed from both decrees.

*J. J. Burns,* for the defendant.

*L. Withington,* for the plaintiffs.

LUMMUS, J.   The defendant was employed by the plain-
tiff corporation as bookkeeper from July 1, 1907, until
March, 1915, when he became its treasurer and continued
to be such until he was discharged on April 1, 1922.   On
November 24, 1919, having wrongfully withdrawn large
sums from the plaintiff corporation, the defendant gave it
a deed of real estate in South Boston, absolute in form but
really as security for the repayment of said sums.

On October 6, 1925, the defendant brought two actions
of contract, each with an *ad damnum* of $200,000, one
against the plaintiff corporation, and the other against the
plaintiff Fay, who was and is the president of the plaintiff
corporation.   The declarations were in three counts, the
first and second alleging an agreement to make such provi-
sion for the defendant that he would be independent for
life, and the third alleging an agreement to give the de-
fendant an interest in the right to manufacture and sell a
proprietary medicine called "Father John's Medicine" in
countries other than the United States and Canada.

On August 11, 1927, the defendant brought two more
actions of contract, each with an *ad damnum* of $100,000,
one against the plaintiff corporation and the other against
the plaintiff Fay.   The declarations claimed $69,000 and
interest for services rendered in the matter of a reduction of
a Federal tax, and the claim was based upon an alleged
agreement to pay the defendant half of any reduction that
might be obtained.

On April 5, 1928, the defendant brought two more actions
of contract, each with an *ad damnum* of $90,000, one against
the plaintiff corporation and the other against the plain-
tiff Fay.   The declarations were in three counts, the first
count alleging a promise by Sherman L. Whipple, Esquire,

as attorney for the plaintiffs, that the defendant should receive $100 a week, and the second and third counts being for services rendered from March, 1922, until April, 1928, at $15,000 a year.

On June 28, 1930, the defendant brought another action of contract against the plaintiff Fay, with an *ad damnum* of $120,000. The declaration is upon an account annexed whose single item is "To 24½% of $318,000 . . . $77,910." The claim of the defendant was for half of forty-nine per cent of the stock of a corporation to be formed to hold the "foreign rights" in Father John's Medicine, and the defendant contended that the "foreign rights" were worth $318,000.

On July 8, 1930, the present bill was brought, setting forth the foregoing facts, and adding that the first six actions of contract already recited were begun by trustee process and that actual attachments were made in four of them, that the defendant now threatens further to annoy the plaintiffs by applying for special precepts to make further attachments, and that all the actions at law were unfounded and begun in bad faith; and praying (1) for an accounting, (2) for a receiver to sell the real estate and apply the proceeds to the claim of the plaintiff corporation, and (3) for an injunction to prevent the defendant from making attachments or prosecuting said actions further.

The defendant admitted in his answer that each one of his actions at law was based upon an alleged promise made to him in consideration of his agreement to render faithful and honest service to the plaintiff corporation. The master to whom the case was referred found that the defendant did not perform faithful and honest service, but misappropriated funds of the plaintiff company to an amount exceeding $30,000. That finding establishes that the actions at law are without merit, without discussing the other findings of the master that most of the actions, at least, were otherwise unfounded, frivolous and vexatious. Crediting to the defendant the net income of the real estate, and certain money paid back by the defendant out of his salary, his indebtedness with interest remains as much as $45,153.97.

After overruling exceptions to the master's report, and confirming the report, by an interlocutory decree, the judge entered a final decree, establishing that the defendant owes the plaintiff corporation $45,153.97 and the plaintiff corporation owes the defendant nothing; restraining the defendant from prosecuting further any of the actions at law; and appointing a receiver to sell the real estate in South Boston and apply the proceeds to the claim of the plaintiff corporation. The defendant appealed from both the interlocutory decree and the final decree.

Many of the exceptions to the master's report are to the failure to make requested findings of certain subsidiary facts. If such facts are really important, the proper remedy is a motion to recommit with directions to make findings upon specified questions of fact. *Raymond* v. *Stone*, 246 Mass. 421, 426. An exception can be sustained only where the master's report itself demonstrates his error. An exception based upon facts or testimony not contained in the report, but resting upon the assertion of counsel, cannot be sustained. This elementary rule of practice covers almost all the exceptions to the report in this case. The rule, it is true, was not in the form set forth in Rule 86 of the Superior Court (1932) but directed the master to "report his findings to the court, together with such facts and questions of law as either party may request." That form of rule, however, was not intended to enable the parties to catechize the master at will. *Parker* v. *Simpson*, 180 Mass. 334, 356. The "request" by a party must come prior to the draft report, and there is nothing in the report to show that it did in this case. *American Agricultural Chemical Co.* v. *Robertson*, 273 Mass. 66, 79. Furthermore, in *Daniels* v. *Daniels*, 240 Mass. 380, 385, *Ledoux* v. *Lariviere*, 261 Mass. 242, 244, and *Chamberlain* v. *Henry*, 263 Mass. 63, 65, under the same form of rule, it was held that even when the question, whether requested subsidiary facts should be reported, is properly raised by motion to recommit, instead of by exception, recommittal for that purpose is discretionary with the court that issued the rule and retained power to modify it by implication as well as ex-

pressly. *Colvin* v. *Gray*, 95 Vt. 518. See also *First National Bank of Haverhill* v. *Harrison*, 271 Mass. 258, 262. So far as the exceptions to the master's report raise questions that we can consider, we find no error.

Likewise, no exception lies to the refusal of the master to attach certain exhibits to his report. The form of the report should be determined by the master himself, with a view to presenting his "findings of fact in narrative, consecutive and brief form," so that the court can act upon the case with dispatch as well as with confidence that it has been fully stated. *Peabody Gas & Oil Co.* v. *Standard Oil Co. of New York*, 284 Mass. 87, 92. A party has no right to insist that the report be encumbered with exhibits, or evidence, or compulsory findings or requests for findings upon subsidiary facts thought by him to be important. *American Agricultural Chemical Co.* v. *Robertson*, 273 Mass. 66, 79, 80. *Manfredi* v. *O'Brien*, 282 Mass. 458, 460. *Zarthar* v. *Saliba*, 282 Mass. 558, 560. *Winick* v. *Padovani*, 283 Mass. 126, 129, 130. If the exhibits were necessary to a proper presentation of the case to the court, and the master refused to report them, a motion to recommit with directions to make them a part of the report was the only effective remedy.

There is nothing in the point that the rule directed that the hearings be closed by October 1, 1932, and that one hearing was held after that date. The Superior Court retained power to extend the time, and by confirming the master's report it did so by implication.

Although there was no appeal from the interlocutory decree overruling the demurrer, the correctness of that decree is still open to question upon the appeal from the final decree. *Harrell* v. *Sonnabend*, 191 Mass. 310. See also *Nochemson* v. *Aronson*, 279 Mass. 278, 280; *Canning's Case*, 283 Mass. 196. The demurrer was addressed to the bill as a whole, on the grounds of want of equity and adequacy of legal remedy, and therefore was properly overruled if the bill could be maintained on any ground or for any purpose. *Dimmock* v. *Bixby*, 20 Pick. 368, 374. *Conant* v. *Warren*, 6 Gray, 562. *Whitmore* v. *International Fruit*

& *Sugar Co.* 214 Mass. 525, 528. *Granara* v. *Italian Catholic Cemetery Association,* 218 Mass. 387, 393. We need not consider whether the bill might be maintained on the ground of the multiplicity of actions. *New York Central Railroad* v. *William Culkeen & Sons Co.* 249 Mass. 71, 78. *McLaughlin* v. *Levenbaum,* 248 Mass. 170. *Bancroft Trust Co.* v. *Canane,* 271 Mass. 191. *Hooker* v. *Porter,* 271 Mass. 441. Neither need we consider whether the jurisdiction of equity to compel a fiduciary to account, originating as it did in the jurisdiction over trusts (Pom. Eq. Jur. & Eq. Rem. §§ 1420, 1421, 2358), and not extending to ordinary agents (*Waters* v. *Boyden,* 275 Mass. 564; *Marvin* v. *Brooks,* 94 N. Y. 71; *Williams* v. *Finlaw, Mueller & Co. Inc.* 292 Penn. St. 244), supports a bill for an accounting brought by a corporation against its former treasurer. See *Lee* v. *Fisk,* 222 Mass. 424, 426; *Bay City Bridge Co.* v. *Van Etten,* 36 Mich. 210, 211; *Millett* v. *Temple, ante,* 87. We need not decide these questions because the bill is maintainable on another ground.

The bill is good against demurrer as a bill to foreclose the equitable right of the defendant under the absolute deed taken as security for the defendant's debt to the plaintiff corporation. The statutory method of foreclosure by writ of entry (G. L. [Ter. Ed.] c. 244, §§ 3–10), though not precluded by the fact that the mortgagee already has possession (*Trustees of Smith Charities* v. *Connolly,* 157 Mass. 272, 276), cannot be used to foreclose a mortgage consisting only of an absolute deed taken as security. *Eaton* v. *Green,* 22 Pick. 526. *Holbrook* v. *Bliss,* 9 Allen, 69, 75. *Campbell* v. *Dearborn,* 109 Mass. 130, 141. *Zaff* v. *Brown,* 265 Mass. 598, 600. This was plainly implied by a section of the statute as to foreclosure by writ of entry, which declared that "The mortgages, mentioned in this chapter, shall include not only those made by a common deed of mortgage, but also such as are made by a conveyance, with a separate deed of defeasance." Rev. Sts. c. 107, § 34. Gen. Sts. c. 140, § 37. Pub. Sts. c. 181, § 44. Although that section was omitted from the Revised Laws as "super-

fluous," the omission did not enlarge the scope of the statutory remedy.    There is, therefore, no adequate remedy at law, and resort may be had to the general jurisdiction of a court of equity.  *Old Colony Trust Co.* v. *Great White Spirit Co.* 178 Mass. 92.  *Federal Trust Co.* v. *Bristol County Street Railway,* 218 Mass. 367.  *Great Barrington Savings Bank* v. *Brown,* 239 Mass. 546.    See also *Shadman* v. *O'Brien,* 278 Mass. 579.

Whether the equitable jurisdiction, acquired on that ground, drew to it the power to deal with the accounting and the less related actions at law, on the principle that "A court of equity ought to do justice completely, and not by halves" (*Camp* v. *Boyd,* 229 U. S. 530, 551), need not be decided. See *Braman* v. *Foss,* 204 Mass. 404, 410, 411; *Security Bank of New York* v. *Callahan,* 220 Mass. 84, 89; *Homrich* v. *Robinson,* 221 Mass. 308, 311; *Baker* v. *Langley,* 247 Mass. 127, 132; *Greene* v. *Louisville & Interurban Railroad,* 244 U. S. 499, 520.  No question is now open as to the existence of an adequate remedy at law as to particular parts of the case stated or the relief sought in the bill.  The answer was as general as the demurrer.  The answer pointed out, it is true, that the plaintiff had an adequate remedy at law as to the actions at law by defending them, but that was stated only as an inducement of the general objection to the whole bill "that no good reason exists for bringing this bill of complaint by the plaintiffs, and it should be dismissed."  Both the demurrer and the answer raised only the point that the bill stated no case whatever for equitable, as distinguished from legal, relief.  Nothing but that general objection was interposed by the defendant as a barrier against a decree on the merits.  When that barrier was properly overthrown by the overruling of the demurrer, the defendant had already answered, and it was too late for him to raise any further and more specific objection on the ground that as to a part of the relief sought the remedy at law was adequate.  No amendment of the answer was attempted.  No unexpected situation arose at the hearing, for any question of that sort that might exist was apparent on the face of the bill, and could have been

raised by demurrer at the outset.  The court rightly proceeded to deal with the whole subject matter of the bill on its merits.  *Dearth* v. *Hide & Leather National Bank,* 100 Mass. 540.  *Stratton* v. *Hernon,* 154 Mass. 310.  *Baker* v. *Langley,* 247 Mass. 127.  *Wickwire Spencer Steel Corp.* v. *United Spring Co.* 247 Mass. 565.  *Reynolds* v. *Grow,* 265 Mass. 578, 580, 581.  *Adams* v. *Silverman,* 280 Mass. 23.

<div align="right">

*Interlocutory decrees affirmed.*
*Final decree affirmed, with costs.*